IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

|  |  |  |
|---|---|---|
| FUTURE FIELD SOLUTIONS, LLC, *et al.* | ) ) ) | |
| Plaintiffs / Counterclaim Defendant, | ) ) | Case No. 1:23-cv-01301-DKC |
| v. | ) ) | |
| ERIK VAN NORSTRAND | ) ) | |
| Defendant / Counterclaim Plaintiff / Third Party Plaintiff, | ) ) ) | |
| v. | ) ) | |
| PERIARCHON, L.L.C. | ) ) | |
| Third Party Defendant | ) ) | |

### DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND AMENDED COUNTERCLAIM AND THIRD PARTY COMPLAINT

Defendant / Counterclaim Plaintiff/Third Party Plaintiff ERIK VAN NORSTRAND ("**Defendant**" or "**Van Norstrand**"), by and through his undersigned counsel, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., pursuant to Federal Rule of Civil Procedure 14(a) and 15 hereby files this Motion for Leave to File a Second Amended Counterclaim against Plaintiffs/Counterclaim Defendants Steven Reese ("**Reese**"), Brian Tunson ("**Tunson**"), and James C. Brent ("**Brent**"), and Future Field Solutions, LLC ("**FFS**") (collectively, the "**Counterclaim Defendants**") and a Third Party Complaint against PERIARCHON, L.L.C. ("**Periarchon**" or the "**LLC**") .[1] In support of this Motion, Van Norstrand states as follows:

---

[1] Clean and redline copies of the Second Amended Counterclaim and Jury Demand and Third Party Complaint are attached hereto as ***Exhibit 1.***

1

## I. INTRODUCTION

Van Norstrand seeks to file a Second Amended Counterclaim against Counterclaim Defendants Reese, Tunson, Brent, and FFS and a Third Party Complaint against Periarchon, based upon recently discovered actions by the Counterclaim Defendants. On or around November 2022, Reese, Tunson, and Brent purchased and/or took control of Periarchon. Periarchon is a Maryland limited liability company, which performs government-contracting services.[2] Reese and Tunson are the sole members of Periarchon and Brent is the resident agent. When Reese, Tunson and Brent took over Periarchon, they changed the company's principal place of business, which is now the very same principal place of business as FFS. The services that Periarchon advertises to provide are identical to those that FFS provides. Periarchon directly competes with FFS, seeking government contracts in the same field as FFS through the efforts, goodwill, and assets of FFS and Reese, Tunson and Brent. By participating in a similar business in the same market region as FFS, Reese Tunson, and Brent have further breached their fiduciary duties of loyalty owed to the Company and Van Norstrand. Periarchon is owned and controlled by Reese, Brent, and Tunson, and upon information and belief, has become an alter ego of FFS. Additionally, given its identical business purpose and principal place of business, Counterclaim Defendants and Periarchon have diverted and interfered with FFS's potential business expectancies. Therefore, the Court should allow and grant leave to Van Norstrand to file his Second Amended Counterclaim and Third Party Complaint.

---

[2] True and correct copies of Periarchon, L.L.C.'s Maryland Business Registration and OpenGovUS profile are attached hereto as ***Exhibits 2 and 3, respectively.***

## II. FACTUAL BACKGROUND

Pursuant to the Company's Operating Agreement, dated August 5, 2020, but executed August 6, 2020[3] the Individual Plaintiffs owed fiduciary obligations to the Company and Van Norstrand including, "The duty to not carry on, or participate in, a similar business to the business of the Company, within any market regions that were established or contemplated by the Company." *See Ex. 2*. Periarchon's OpenGovUS[4] profile lists that that Periarchon's business includes government-contracting services for: "Custom Computer Programming", "Computer Systems Design Services", "Other Computer Related Services", and "All Other Professional, Scientific, and Technical Services." *See Ex. 3*. FFS provides the same services. Periarchon's principal place of business is also at the same address as in Maryland.

The new business that Reese, Tunson, and Brent have purchased and/or taken control of is a similar business to FFS within the same market region as FFS. *See Ex. 3*. Upon information and belief, Reese, Tunson, and Brent have also begun transferring FFS's business opportunities to the new entity. Therefore, Van Norstrand respectfully asks the Court for leave to amend his Counterclaim to add additional allegations to its Breach of Duty of Loyalty (Count III) and Breach of Fiduciary Duty (Count IV) against the Individual Plaintiffs.

Van Norstrand also seeks to bring claims against Periarchon for Declaratory Judgment (Count I) Accounting (Count VI) of the business and for Tortious Interference with Contracts and Business Expectancies (Count XVI). Upon information and belief, Reese, Tunson, and Brent have also transferred a subcontract award that was originally awarded to FFS to Periarchon, and Periarchon has been awarded a subcontract that FFS would have been eligible to receive. As

---

[3] A true and correct copy of FFS's Operating Agreement is attached as ***Exhibit 4***.
[4] "OpenGovUS" which is a website that provides open access to publicly available information issued by the United States government, particularly information about government contracts.

operated by Reese, Tunson, and Brent, Periarchon has become the alter ego of FFS to divert income, assets, and opportunities away from FFS and Van Norstrand.

### III. STANDARD

Motions for leave to amend counterclaims are subject to the same standards as motions to amend complaints. *Ground Zero Museum Workshop v. Wilson*, 813 F. Supp. 2d 678, 706 (D. Md. 2011). The Fourth Circuit acknowledges that leave to amend pursuant to Fed. R. Civ. P. 15(a) is "freely given when justice requires." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 941-41 (4th Cir. 1995). Leave to amend may be denied only when such action would cause "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Fourth Circuit has held that "leave to amend should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *See Frank M. McDermott Ltd.v. Moretz*, 898 F.2d 418, 423 (4th Cir. 1990) (*citing Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 510 (4th Cir. 1986)).

Federal Rule of Civil Procedure 14 governs third-party claims in federal actions. Pursuant to the Rule, a defendant as a third-party plaintiff may file a third-party complaint without leave of Court within fourteen (14) days of serving an answer. Fed. R. Civ. P 14(a)(1). Thereafter, the third-party plaintiff may only file a third-party complaint upon motion granted by the Court. *Id.* Third party pleading "is intended to facilitate, not preclude, the trial of multiple claims which otherwise would be triable only in separate proceedings." *United States v. Yellow Cab Co.*, 340 U.S. 543, 556 (U.S. 1951).

4

Federal Rule of Civil Procedure 14(a)(1) permits a defendant to move to implead a non-party "who is or may be liable to [the defendant] for all or part of the claim against [the defendant]." Fed. R. Civ. P. 14(a)(1). (brackets added). District courts have discretion to grant or deny a motion under Rule 14. *Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 (4th Cir. 1962). "Impleader [under Rule 14] will be liberally allowed, if it will prevent duplication of suits based on closely related matters." *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003) (citing Noland Co., 301 F.2d at 50). Accordingly, a "motion for leave to file a third party complaint should be granted unless undue delay or complication of the trial would result." *Trs. of Local 24 Pension v. Gamble Insulation Co.*, Civ. No. WDQ-04-0291, 2005 U.S. Dist. LEXIS 52289, 2005 WL 8174498, at *1 (D. Md. Aug. 23, 2005).

The trial court should also consider (1) potential prejudice to the plaintiffs; (2) whether the impleader will add new and complicated issues threatening the orderly and prompt resolution of the case and delay the trial; (3) whether defendants unreasonably delayed in filing the third-party complaint; and (4) whether the third-party complaint is so insubstantial that it fails to state a claim. *Id.*

In this case, judicial economy and efficiency of litigation favor allowing Van Norstrand to file the Second Amended Counterclaim and Third-Party Complaint. Forcing Defendant to litigate his claims against Periarchon and its owners (who are already named in Defendant's Counterclaim) in a separate action in this Court, or elsewhere, would result in a duplicative litigation over the same issues.

## IV. ARGUMENT

### A. The Court Should Permit Van Norstrand to File a Second Amended Counterclaim.

#### 1. Counterclaim Defendants will not be prejudiced.

Counterclaim Defendants, Reese, Tunson, and Brent are already well aware of the Breach of Duty of Loyalty and Breach of Fiduciary Duty claims against them. Van Norstrand's proposed amendments to these counterclaims are based on facts that Reese, Tunson, and Brent are already aware of and hid from Van Norstrand. During the course of this litigation, Van Norstrand discovered that Reese, Tunson, and Brent had purchased and taken control of Periarchon. Pursuant the FFS Operating agreement, operating a similar business in the same market region is not permitted. *See Ex. 4.* Reese, Tunson, and Brent are intimately familiar with the Operating Agreement and developing additional allegations of violations of the Operating Agreement due to their actions to acquire and control a competing government-contracting business that is similar to FFS, within the same market region, will not take Reese, Tunson, or Brent by surprise or result in any undue prejudice. *See MercExchange, L.L.C. v. eBay, Inc.*, 271 F. Supp. 2d 784, 788 (E.D.Va. 2002) (citing *Frank M. McDemott, Ltd. v. Moretz*, 898 F.2d 418, 421 (4th Cir. 1990)). Permitting Van Norstrand to amend his Counterclaim is appropriate given the amendment is based on recently discovered facts. Additionally, per the Court's Scheduling Order, entered on June 22, 2023, the deadline for any amendment of the pleadings is July 24, 2023 (ECF No. 30), so this Motion is timely filed and Counterclaim Defendants will not be prejudiced by any delay or surprise.

#### 2. Granting Van Norstrand's Motion Serves the Ends of Justice.

Fed. R. Civ. P. Rule 15(a)(B)(2) states "the court should freely give leave when justice so requires." Here, during the course of litigation, Van Norstrand discovered that Reese, Tunson, and Brent had acquired and taken control of a company that is a similar business as FFS and within the

same market region as FFS. Their actions are a direct violation of the Operating Agreement and the fiduciary duties that the Reese, Tunson, and Brent owe to FFS and to Van Norstrand. *See Ex. 4.* If his claims are not joined in this action, Van Norstrand would be forced to litigate these issues in a separate action. In granting this Motion, the Court will allow Van Norstrand and indeed all of the parties to litigate all of the claims that give rise to this dispute amongst them...

### B. The Court Should Permit Van Norstrand to File a Third Party Complaint.

#### 1. Counterclaim Defendants cannot complain of potential prejudice.

Counterclaim Defendants will suffer no prejudice if the Court allows Van Norstrand to file a Third Party Complaint against the company that Reese, Tunson, and Brent have newly acquired and taken control of during the course of this litigation. Reese and Tunson are the sole members of Periarchon and Brent is Periarchon's resident agent. *See Exs. 2 and 3*. Thus, Counterclaim Defendants are well aware of the facts and claims giving rise to this third party claim and Reese, Tunson, and Brent are the only individuals with knowledge about Periarchon. Per the Court's Scheduling Order, entered on June 22, 2023, the deadline for Joinder of Additional Parties is July 24, 2023 (ECF No. 30), so this Motion is timely filed so Counterclaim Defendants would not be prejudiced by any undue delay or belated surprise.

#### 2. Adding Parties and Claims Does Not Threaten Prompt Resolution or Delay Trial.

In the case at hand, granting Van Norstrand's request for leave to file a Third Party Complaint will not cause any undue delay, complication, or prejudice. The parties are still engaged in discovery, and Van Norstrand filed his Motion by the deadline set forth in this Court's Scheduling Order (ECF No. 30). *See Cady v. Ride-Away Handicap Equip. Corp.*, Civ. No. RWT-12-2667, 2014 U.S. Dist. LEXIS 123762, 2014 WL 4406885, at *3—*4 (D. Md. Sept. 5, 2014) (granting impleader even though it was sought a year after the deadline imposed in a scheduling

order "in the interests of judicial economy," and despite the fact that "some additional discovery may be required" due to the addition of a third-party defendant).

Joining Periarchon to the action would not add any new or complicated issues, since Van Norstrand had already sought damages for the violation of Periarchon's owners' fiduciary obligations and an accounting that would have disclosed and put at issue the diversion of FFS' assets, opportunities, and contracts. Adding Periarchon to this case does not threaten the orderly and prompt resolution of this matter. The facts underlying the claims alleged in the Third-Party Complaint against Periarchon and the Counterclaim are integral to Defendant's claims and defenses to Plaintiffs' claims. Indeed, in Plaintiffs' recent Second Amended Complaint, Plaintiffs allege that due to Defendant's conduct, FFS has experienced financial difficulties and Defendant's conduct will continue to cause FFS to lose government contracts. *See* Plaintiffs' Second Amended Complaint at ¶109-111 (ECF No. 34). When in reality, Van Norstrand as a defense and counterclaim intends to show the Individual Plaintiffs have acquired and taken control over a government-contracting business which offers the same services as FFS. It is Plaintiffs' own actions that have caused harm to FFS, not Defendant. Thus, to ensure a full and complete adjudication of all of the parties' claims and defense, the Court should grant Defendant's Motion.

### 3. There Is No Unreasonable Delay in Filing These Actions.

The Third-Party Complaint was not unreasonably delayed. Again, Van Norstrand filed his Motion by the deadline set forth in this Court's Scheduling Order (ECF No. 30). While additional discovery of the new party will be necessary, Counterclaim Defendants, Reese, Tunson, and Brent are the individual owners that already have access and control to any information that will be necessary from Periarchon.

### 4. Van Norstrand's Claims Are Not Insubstantial.

Finally, Van Norstrand's Counterclaim and Third-Party Complaint are not "insubstantial." *Serrano v. Empresa Lineas Maritimas Argentinas*, 257 F. Supp. 870,874 (D. Md. 1966)(citing *Bell v. Hood*, 327 U.S. 678, 682-683 (1946); *Levering & Garrigues Co. v. Morrin*, 289 U.S. 103(1933)). Van Norstrand raises valid claims that Counterclaim Defendants, Reese, Tunson, and Brent have further violated their fiduciary duties and duties of loyalty to Van Norstrand and FFS by participating in and operating a business that is similar to FFS in the same market region. *See Exs. 2* and *3*. Van Norstrand previously sought a declaratory judgment to declare the rights of the members of FFS, and adding a declaration that Periarchon is the alter ego of FFS further resolves the actual controversy between the members. Van Norstrand likewise has a valid claim for an accounting of both FFS and Periarchon, which will confirm FFS and/or its members have begun to divert opportunities and funds from FFS to Periarchon. Thus, Van Norstrand it is a substantial and valid claim that Periarchon has tortiously interfered with FFS's business expectations.

Upon information and belief, Counterclaim Defendants Reese, Tunson, and Brent have recently transferred a government subcontract that was awarded to FFS to Periarchon, which is already part and parcel of Van Norstrand's existing claims that the Counterclaim Defendants harmed FFS. Similarly, Periarchon, through Reese, Tunson, and Brent's efforts, has recently been awarded a government subcontracting opportunity that FFS would have been eligible for and entitled to receive. Because Van Norstrand has substantial, intertwined claims and defenses against Counterclaim Defendants, Reese, Brent, and Tunson and Periarchon, the Court should grant Van Norstrand leave to file the Second Amended Counterclaim and Third Party Complaint to bring them all before the same Court for trial in the same action.

## CONCLUSION

Based on the foregoing, Van Norstrand asks this Court to grant him leave to file the Second Amended Counterclaim and Third-Party Complaint and fully resolve the case on its merits among all of the interested parties.

Respectfully submitted,

SHULMAN, ROGERS, GANDAL,
  PORDY & ECKER, P.A.

By:     */s/ William B. Schroeder*
Glenn C. Etelson, Esq., Bar No. 06760
getelson@shulmanrogers.com
William B. Schroeder, Bar No. 13664
wschroeder@shulmanrogers.com
Victoria Tinker, Esq., Bar No. 30675
vtinker@shulmanrogers.com
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854
(301) 230-5200 (telephone)
(301) 230-2891 (facsimile)
*Attorneys for Defendant / Counterclaim Plaintiff / Third Party Plaintiff*

**LOCAL RULE 103(6)(d) CERTIFICATION**

Pursuant to Local Rule 103(6)(d), I called and emailed counsel for Plaintiffs/Counterclaim Defendants, who did not respond, on July 24, 2023, to discuss the requested relief and obtain consent.

                                                */s/ William B. Schroeder*
                                                William B. Schroeder

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of July 2023, a copy of the foregoing was served via the Court's PACER System and/or electronic mail on the following individual(s):

Seth C. Berenzweig, Esq.
Clyde E. Findley, Esq.
Berenzweig Leonard, LLP
8300 Greensboro Drive, Suite 1250
McLean, VA 22102
*Attorneys for Plaintiffs / Counterclaim Defendants*

                                                */s/ William B. Schroeder*
                                                William B. Schroeder