IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

|  |  |
|---|---|
| **FUTURE FIELD SOLUTIONS, LLC,** *et al.* ) <br> ) <br> Plaintiffs/Counterclaim Defendants, ) <br> ) <br> v. ) <br> ) <br> **ERIK VAN NORSTRAND** ) <br> ) <br> **Defendant/ Counterclaim Plaintiff** ) <br> ) | Case No. 1:23-cv-01301-DKC |

**DEFENDANT/COUNTERCLAIM PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTION FOR PRELIMINARY INJUNCTION AND REQUEST FOR HEARING**

Defendant/Counterclaim-Plaintiff, ERIK VAN NORSTRAND ("**Defendant**" or "**Van Norstrand**"), by and through undersigned counsel, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., submits the following Points and Authorities in support of his Motion for Preliminary Injunction:

**I.   INTRODUCTION**

This litigation involves the improper attempted coup and "involuntary withdrawal" of Van Norstrand as a member from Plaintiff Future Field Solutions, LLC ("**FFS**" or the "**Company**") orchestrated by the other members of the Company, Steven Reese ("**Reese**") and Brian Tunson ("**Tunson**"), i.e. the individual Member Plaintiffs (collectively "**Plaintiffs**"). In their Second (Post-Removal) Amended Complaint, Plaintiffs allege that, allegedly due to Van Norstrand's "poor" work performance in 2021, Plaintiffs were left with no choice but to oust Van Norstrand from the Company he founded and to take the clients, business and intellectual property that Van Norstrand established.

1

Van Norstrand recently discovered that, without permission or consent of any kind, Plaintiffs accessed his legacy personal Google account, and currently possess and control his personal Google account by changing Van Norstrand's own password. As attested to in his affidavit and as reflected in Plaintiffs' own discovery responses, Plaintiffs have wrongfully mined Van Norstrand's personal Google account for private, confidential and even privileged communications and shared and disseminated Van Norstrand's confidential information with third parties. Despite good faith efforts, Plaintiffs refuse to return control of Van Norstrand's personal Google account to him and refuse to return or otherwise destroy the information that they have wrongfully obtained, so they can continue to publish his information.

Thus, Van Norstrand respectfully requests that this Court enter an Order to enjoin Plaintiffs from retaining, using, or further sharing the information and communications from Van Norstrand's Google account, requiring Plaintiffs to provide an accounting of any information or documentation that Plaintiffs have copied, stored, deleted, moved, or changed from the Google account. The Court should require Plaintiffs to return control of the Google account to Van Norstrand and disgorge and/or destroy their copies of Van Norstrand's personal emails and information.

## II.   FACTUAL BACKGROUND

In November 2021, Van Norstrand, on behalf of Plaintiff FFS, migrated to a Microsoft 365 cloud-based system to manage office operations. *See Ex. 1, Defendant's Affidavit* at ¶13.[1] Van Norstrand previously maintained a personal Google email account that he used for personal email for many years prior to the current iteration of FFS in July 2020. *See Ex. 1* at ¶12. Van Norstrand encrypted these "archived" files because they contained confidential and personal health

---

[1] *See* attached as ***Exhibit 1*** the Affidavit of Defendant Erik Van Norstrand, dated July 25, 2023.

information, spousal communications, attorney-client protected communications, and other confidential information. *Id.* at ¶16. Van Norstrand did not migrate this archived Google file to the Company's new Microsoft 365 system. *Id.* at ¶14.

In November 2022, Van Norstrand noticed that he had been locked out of his Google account and has since been unable to access the account. *See Ex. 1* at ¶17. Upon review of Plaintiffs' discovery volume four (VOL004), Plaintiffs accessed Van Norstrand's personal Google account, and the metadata of certain emails produced by Plaintiffs in this litigation confirm that Plaintiffs accessed Van Norstrand's personal Google account, including Google chat messages, without Van Norstrand's authorization after November 2022.[2] Van Norstrand is not sure exactly how Plaintiffs gained access to Van Norstrand's personal Google account and Defense counsel has asked Plaintiffs' counsel how they came to possess certain documents and emails in their VOL0004 production, but Plaintiffs' counsel has yet to satisfactorily explain. Van Norstrand remains unable to access his personal Google account that was converted to a legacy workplace that stores personal communications and information *See Ex. 1* at 17.

Van Norstrand did not grant permission to any Plaintiff to access information from his account(s) or to deny him access to ten years of stored communications and data. *See Ex. 1*. Van Norstrand also never waived his right to privacy in his Google account or personal emails at any time. *Id.* Plaintiff, FFS, also did not maintain any policies under which any right to privacy in email or other data would be waived or diminished. *See Id.* at 5. FFS does <u>not</u> have a company policy providing notice that use of any company devices and/or accounts would result in a waiver of privilege or confidentiality.

---

[2]A true and correct copy of communications with counsel dated March 21, 2023 is attached hereto as ***Exhibit 2***.

3

However, Plaintiffs, in discovery, suggested that a copy of a document titled "2017 Future Field Solutions LLC Employee Handbook" may apply. *See Ex. 2* at 3-4.[3] In addition to this document not being signed by Van Norstrand, nor anyone else for that matter, it applies to employees, not members. This Handbook was never adopted nor disseminated as a policy for FFS. *See Ex.* 1 at 6. To confirm the creation date of this document and its source, defense counsel located and pointed out that the metadata for the so-called "Handbook" shows a creation date of December 12, 2022 – 9 months after the individual Plaintiffs sought to remove Van Norstrand. It also appears from its face to be a 2017 copy of a draft that Van Norstrand created for a prior iteration of FFS and ironically which was stored in his Google account that Plaintiffs improperly accessed.

Defendant's counsel also requested that Plaintiffs' counsel verify with Plaintiffs to determine how Plaintiffs accessed Van Norstrand's personal Google account and/or any other email or device containing the data. *See Ex. 2*. At first, Plaintiffs' counsel stated that Van Norstrand's personal documents and communications were accessed through the Company's Microsoft Office account. *See id.* at 11. However, after Defense counsel informed Plaintiffs' counsel that Van Norstrand never uploaded his personal Google account content to the Company's Microsoft Office 360 account, Plaintiffs' counsel's answer changed. *See id.* at 9. Plaintiffs' counsel then admitted that Van Norstrand's personal Google account was accessed through the Company's Google Suite ("GSuite") account and claimed the Company owned that account and had the right to search and distribute Van Norstrand's stored communications and personal documents. *See id.* at 4.

Additionally, certain documents and communications in Plaintiffs' production confirm that Plaintiffs accessed Van Norstrand's Google account and gained information about Van Norstrand

---

[3] A true and correct copy of the "2017 Future Field Solutions LLC Employee Handbook" is attached here to as ***Exhibit 3***.

4

in relation to his work experience and status as a subcontractor on a prior contract.[4] The accompanying metadata also reflects that Plaintiffs accessed Van Norstrand's personal Google account. This belief was confirmed when Lockheed Martin notified Van Norstrand that they had completed an investigation Van Norstrand's work on a prior contract under Lockheed Martin.[5] Plaintiffs' production included a highlighted version of a resume that appears to be at issue in the Lockheed Martin investigation, which began one month after Plaintiffs accessed Van Norstrand's Google account, a three-page document that Plaintiffs generated outlining issues raised in the above-mentioned investigation, and an email communication amongst Plaintiffs discussing the issues also raised in the same investigation.[6] This email contained snapshots of Van Norstrand's Google messages discussing his status on that contract. Plaintiffs communicated with Lockheed Martin and other entities about Van Norstrand, at a minimum, regarding his qualifications to serve on that contract – as a result of this litigation. *See Ex. 3.* What was initially a suspicion that Plaintiffs contacted Lockheed Martin, was confirmed by Plaintiffs as they admitted to doing so in their Opposition to Defendant's Motion to Compel, filed in the Circuit Court on March 28, 2023.[7] *See Ex. 5* at 3, 5.

Upon reviewing the metadata for Plaintiffs' production, FFS004, it appears that Plaintiffs downloaded Van Norstrand's confidential, personal, and health information and saved such

---

[4] *See id.* at 1-2.

[5] A true and correct copy of Lockheed Martin's Investigation Debrief dated February 21, 2023, is attached as **Exhibit 4.**

[6] A true and correct copy of FFS000631 and FFS000813 are attached collectively as **Exhibit 5**, **as restricted information**.

[7] A true and correct copy of Plaintiffs' Opposition to Defendant's Motion to Compel filed on March 28, 2023 is attached hereto as **Exhibit 6**.

information in file folders with their own titles and names for Van Norstrand's information and email.[8]

On July 12, 2023, Defense counsel discussed with Plaintiffs' counsel and requested that the individual Plaintiffs return control of Van Norstrand's Google account to him. However, on July 14, 2023, Plaintiffs' counsel stated that their position is that the Google account is property of FFS and therefore they will not return control of the account to Van Norstrand.[9]

Plaintiffs should be enjoined from further accessing, retaining and/or using any data from Van Norstrand's personal Google account in this matter. Plaintiffs should provide an accounting of any information or documentation that Plaintiffs have copied, stored, deleted, moved, or changed from the Google account. The Court should require Plaintiffs to return control of the Google account to Van Norstrand and disgorge and/or destroy their copies of Van Norstrand's personal emails and information.

### III.  ARGUMENT

The Court may grant a preliminary injunction if "specific facts . . . clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed.R.Civ.P. 65(b). A party seeking a preliminary injunction must demonstrate (1) the likelihood of success on the merits; (2) the likelihood of suffering irreparable harm in the absence of preliminary relief; (3) the balance of equities favors preliminary relief; and (4) an injunction is in the public interest. *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017).

---

[8] Pursuant to Defendant's Motion for Permission to File Exhibit as Placeholder filed concurrently with this Motion, **Exhibit 7** has been provided to the Court in native format via Sharefile link on July 25, 2023. *See* **Exhibit 7** at Column AP titled "File Path." *See* also FFS0000647, FFS0000664-FFS0000665, FFS0000680, FFS0000711-FFS0000714, FFS0000752-FFS0000757, FFS0000787-FFS0000789, and FFS0000794.

[9] A true and correct copy of the July 14, 2023, communication with counsel is attached hereto as **Exhibit 8**.

**A. Defendant is likely to succeed on the merits on his claims.**

Van Norstrand filed his First Amended Counterclaim on May 23, 2023.[10] In this Counterclaim, Van Norstrand asserts six (6) claims against Plaintiffs related to their unauthorized access to Van Norstrand's personal Google account: (1) Violations of the Stored Communications Act, 18 U.S.C. § 2701 (Count X); (2) Violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (Count XI); (3) Conversion (Count XII); (4) Invasion of Privacy (Count XIII); (5) Civil Conspiracy; and (6) Injunctive Relief. As explained in detail below, Van Norstrand is likely to succeed on the merits of each of these claims.

**1. Plaintiffs violated the Stored Communications Act 18 U.S.C. § 2701.**

The Stored Communications Act ("SCA") provides a right of action against anyone who "intentionally accesses without authorization a facility through which an electronic communication is provided . . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system . . . ." 18 U.S.C. §§ 2701(a), 2707(a). To prevail under the SCA, a party must prove that the offender (1) accessed a system through which electronic communication service is provided without authorization; (2) obtained a wire or electronic communication from the electronic storage system; and (3) acted intentionally. *Skapinetz v. CoesterVMS.com, Inc.*, Civil Action No. 8:17-cv-01098-PX, 2019 U.S. Dist. LEXIS 104821 (D. Md. June 24, 2019) (citing *Hately v. Torrenzano*, No. 1116CV01143GBLMSN, 2017 U.S. Dist. LEXIS 80011, 2017 WL 2274326, at *6 (E.D. Va. May 23, 2017)).

---

[10] Van Norstrand filed a Motion for Leave to File a Second Amended Counterclaim and Third Party Complaint on July 24, 2023.

The SCA provides narrow exceptions to the unauthorized access to stored communications including, "(1) by the person or entity providing a wire or electronic communications service; (2) by a user of that service with respect to a communication of or intended for that user; or (3) in section 2703, 2704 or 2518 of this title [18 USCS § 2703, 2704, or 2518]." *See* 18 USCS § 2701(c). In this case, Plaintiffs are not a wire or electronic communication service and therefore do not fall under the first exception. As for the second exception, Plaintiffs may be users of Google, but the communications and content of Van Norstrand's legacy personal Google account were not intended to be distributed to Plaintiffs. 18 USCS § 2703 involves instances where a governmental entity requires a provider of electronic communication service or remote computing service to disclose certain information. 18 USCS § 2704 also only applies to governmental entities. 18 USCS § 2518 lays out the proper procedure for investigative and law enforcement officers to gain access to stored communications. Because Plaintiffs are not governmental entities, providers of electronic communication service or remote computing service, nor investigative or law enforcement officers, these exceptions do not apply to Plaintiffs in this case.

From Plaintiffs' own production and admissions, it is apparent that Plaintiffs intentionally accessed communications and documents that are stored on Van Norstrand's legacy personal Google account. *See Ex. 4* and *Ex. 5*. Van Norstrand did not consent to this access of his personal Google account. *See Ex. 1* ¶ 6-7. Without any justification or meeting any exception, it is clearly shown Plaintiffs intentionally obtained these documents and communications from Van Norstrand's personal legacy account. *Ex.* 4. Because Van Norstrand has shown all of the elements required to have a claim under the SCA, he is likely to succeed on the merits of this claim.

**2. Plaintiffs violated the Computer Fraud and Abuse Act 18 U.S.C. § 1030.**

The Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030(a)(5)(C), creates civil penalties for anyone who "intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage." Subsection 1030(g) authorizes civil actions to enforce the CFAA, but such an action may only be brought if the violation "caused one of the factors set forth in sub clauses (I), (II), (III), (IV), or (V) of subsection (c)(4)(A)(i)." The relevant sub clause here is (I): "loss to one or more persons during any one year period aggregating at least $5,000 in value." § 1030(c)(4)(A)(i)(I). The CFAA under § 1030(e)(11) defines "loss" as:

> any reasonable cost to any victim, including
> (i) The cost of responding to an offense,
> (ii) Conducting a damage assessment,
> (iii) Restoring the data, program, system, or information to its condition prior to the offense, and
> (iv) Any revenue lost, cost incurred, or other consequential damages incurred because of the interruption of service[.]

As explained above, Plaintiffs intentionally accessed Van Norstrand's personal Google account without authorization and obtained and took control over Van Norstrand's confidential, privileged, personal and sensitive information. Van Norstrand's account contains 10 plus years' worth of emails, documents, videos, pictures and related information, including but not limited to privilege and confidential communications with attorneys, his spouse and medical providers. *See Ex. 1* at 17. Without notice or any right to the information, Plaintiffs proceeded to download and use this information to report Van Norstrand to Lockheed Martin, which has now opened up an investigation into work that he performed on a previous contract. *See Ex. 3.* Additionally, from April 2022 to January 2023, Van Norstrand worked as a subcontractor with Accenture on a contract where Lockheed Martin served as the prime contract. *See Ex. 1* ¶ 23. Without explanation, in January 2023, Van Norstrand was told through the entity under subcontract with Accenture that he was being terminated from the subcontract. *Id.* ¶ 24. The loss of this contract has resulted in

damage to Van Norstrand and Plaintiffs will continue to cause damage to Van Norstrand through their continued ability to disclose his private, personal information to other third parties. Because Van Norstrand has demonstrated the elements of a successful CFAA claim, it is likely Van Norstrand will succeed on the merits.

### 3. Plaintiffs converted Defendant's personal Google account into their possession.

To establish conversion, a claimant must prove: (1) their right to possess the property, (2) an intentional taking of the property without authority or permission. *Froelich v. Erickson*, 96 F. Supp. 2d 507, 525-526 (D. Md. 2000)(citing *Travel Committee v. Pan American World Airways, Inc.*, 91 Md. App. 123, 183 (Md. Ct. Spec. App. 1992)). "This act of ownership for conversion can occur either by initially acquiring the property or by retaining it longer than the rightful possessor permits." *Darcars Motors of Silver Spring, Inc. v. Borzym*, 379 Md. 249, 260 (2004). The defendant must also have "an intent to exercise dominion or control over the goods which is in fact inconsistent with the plaintiff's rights." *Id.* at 836.

As explained above, Plaintiffs have exerted control over Van Norstrand's personal email account and refused to return it. Van Norstrand maintained this archived email and other data in an encrypted legacy Google account with a password. *Ex. 1* ¶15. In or around November 2022, Van Norstrand received a notification that the password credentials of this Google account had been changed, and has been unable to access this account since the Plaintiffs control it and refuse to provide the new password. *Id.* 18, 22. Thus, it is likely that Van Norstrand will succeed on the merits of his conversion.

### 4. Plaintiffs invaded Defendant's privacy.

Maryland currently recognizes four forms of invasion of privacy: (1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of the other's name or likeness; (3)

unreasonable publicity given to the other's private life; and (4) publicity, which unreasonably places the other in a false light before the public. *Trundle v. Homeside Lending, Inc.*, 162 F. Supp. 2d 396, 400 (D. Md. 2001) (citing *Klipa v. Bd. of Educ. of A.A. Co.*, 54 Md. App. 644, 652 (1983)). Van Norstrand asserts Plaintiffs committed the first type of invasion of privacy, intrusion upon seclusion, inasmuch as the title to Count XIII so recites. *See* Def. First Am. Compl. at 42-43.  The elements of this tort are an intentional intrusion upon another person's solitude, seclusion, private affairs or concerns in a manner, which would be highly offensive to a reasonable person. *See Bailer v. Erie Ins. Exchange*, 344 Md. 515, 526 (1997), quoting Restatement (Second) of Torts § 652B. In addition, plaintiff must have a reasonable expectation of privacy in the source of the information. *See Marrs v. Marriott Corp.*, 830 F. Supp. 274, 283 (D.Md.1992).

As attested to and demonstrated above, Plaintiffs intentionally accessed Van Norstrand's private and confidential communications stored within his legacy Google account.  In *United States v. Hamilton*, 701 F.3d 404 (4th Cir. 2012), the Fourth Circuit endorsed the notion of a reasonable expectation of privacy in email, stating: "[E]mail has become the modern stenographer. . . . [E]mails today, 'in common experience,' are confidential." *Id.* at 408 (citation omitted).  The Hamilton Court also quoted, an American Bar Association report "noting that email 'pose[s] no greater risk of interception or disclosure than other modes of communication commonly relied upon as having a reasonable expectation of privacy' and so there is generally 'a reasonable expectation of privacy in its use.'" *Id.* (citation omitted) (brackets added); *See* also *In re Asia Global Crossing*, Ltd., 322 B.R. 247, 256-60 (Bankr. S.D.N.Y. 2005) ("the question of privilege comes down to whether the intent to communicate in confidence was objectively reasonable." *Id.*

11

at 258)).[11]  Van Norstrand had a reasonable expectation of privacy in his email and other communications, which is evident by the subject matter of these emails.  The emails contained confidential personal health information, spousal communications, attorney-client communications, and other personal communications that Van Norstrand did not intend to make public.  *See* **Exhibit 1** at ¶10.  It is also evident from the fact Van Norstrand encrypted these archived personal emails to add an extra layer of protection from unauthorized access to the emails

---

[11]  *See Leventhal v. Knapek,* 266 F.3d 64, 74 (2d Cir. 2001) (finding reasonable expectation of privacy when there was no clear policy or practice regarding email monitoring or use; "the anti-theft policy [merely] prohibited 'using' state equipment 'for personal business' without defining further these terms"); *Maxtena,* 2013 U.S. Dist. LEXIS 42332, 2013 WL 1316386, at *5 (finding reasonable expectation of privacy where "[t]here is no evidence here indicating that the [employer] maintained any sort of monitoring or use policy"); *DeGeer v. Gillis,* 2010 U.S. Dist. LEXIS 97457, 2010 WL 3732132, at *9 (N.D. Ill. Sept. 17, 2010) (declining to order production where there was no evidence of a company policy); *Convertino v. U.S. Dep't of Justice,* 674 F. Supp. 2d 97, 110 (D.D.C. 2009) (finding employee had reasonable expectation of privacy in emails sent to attorney using employer-furnished account where employee stated he was unaware of monitoring); *Sprenger,* 2008 U.S. Dist. LEXIS 47115, 2008 WL 2465236, at *4 (finding employee had reasonable expectation of privacy where there was no showing that the employee "[was] notified of the Policy by a log-on banner, flash screen, or employee handbook"); *Mason v. ILS Technologies, LLC,* 2008 U.S. Dist. LEXIS 28905, 2008 WL 731557, at *4 (Feb. 29, 2008) (W.D.N.C. Feb. 29, 2008) (finding employee had reasonable expectation of privacy where it was "hotly disputed whether [employee] was even aware of the policy" and employer could not show that employee had been notified of policy); *Asia Global,* 322 B.R. at 259-61 (finding employee had reasonable expectation of privacy where it was not clear that employees knew of employer policy; company did not appear to have a formal policy regarding use of computers and email); *see also United States v. Slanina,* 283 F.3d 670, 676-77 (5th Cir. 2002) (holding employee had reasonable expectation of privacy where policy did not prevent storage of personal information or inform employees that computer usage would be monitored), *cert. granted, judgment vacated,* 537 U.S. 802, 123 S. Ct. 69, 154 L. Ed. 2d 3 (2002) (vacating and remanding for further consideration in light of *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 122 S. Ct. 1389, 152 L. Ed. 2d 403 (2002)); *Nagle,* 2010 U.S. Dist. LEXIS 104711, 2010 WL 3896200, at *4 (holding that employee had reasonable expectation of privacy in file stored on employer-furnished laptop where employee policy only referred to internet and email); *Haynes,* 298 F. Supp. 2d 1154, 1161-62 (holding that employee had reasonable expectation of privacy (i) where employer had policy stating there would be no reasonable expectation of privacy but employees were given passwords and advised that unauthorized access to other users' email was prohibited and (ii) where employer had never engaged in monitoring).

which confirms that Van Norstrand intended to communicate and store this information in confidence.

The United States Supreme Court has acknowledged that employees have a reasonable expectation of privacy with respect to text messages, even if those text messages are contained on employer-owned mobile telephones. *City of Ontario v. Quon*, 560 U.S. 746, 760 (2010). In this instance, the prior communications and other documents were contained in Van Norstrand's Google account that was created and used before Plaintiffs joined the Company and the emails and documents all pre-dated the July 2020 formation of the Company. Plaintiffs' unauthorized access to, organization and publication of electronic communications and documents that were considered to be confidential, private and/or privileged constitutes an invasion of privacy. By accessing these emails and precluding Van Norstrand's own access, Plaintiffs violated Van Norstrand's right to privacy. Plaintiffs should be precluded from retaining or using any data or information obtained in violation of Van Norstrand's rights to privacy in this action and be ordered to disgorge the information that they have downloaded. In addition, Plaintiffs should provide an accounting of any information or documentation that Plaintiffs have copied, stored, deleted, moved, or changed from the Google account. Plaintiffs should also be required to give Van Norstrand control of his Google account.

### 5. Plaintiffs participated in conspiracy.

A claim for civil conspiracy requires proof of the following elements: "(1) [a] confederation of two or more persons by agreement or understanding; (2) some unlawful or tortious act done in furtherance of the conspiracy or use of unlawful or tortious means to accomplish an act not in itself illegal; and (3) [a]ctual legal damage resulting to the plaintiff." *Green v. Pro Football, Inc.*, 31 F. Supp. 3d 714, 726-727 (D. Md. 2014) (citing *Lloyd v. Gen.*

*Motors Corp.*, 397 Md. 108 (Md. 2007)). Plaintiffs Reese, Tunson, and Brent, with knowledge and understanding, broke into Van Norstrand's personal Google account, thereby invading his privacy and sharing the communications with third parties and thus all Plaintiffs should be bound and held liable. *See* Ex. 4.

    **6. Defendant is entitled to injunctive relief.**

Defendant's First Amended Counterclaim also seeks permanent injunctive relief. *See* Def. First Am. Compl. at 51-52. "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006). Permanent injunctive relief is appropriate where the plaintiff shows: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *Id.* Van Norstrand has suffered such an invasion of privacy by Plaintiffs' unauthorized access to his personal and confidential information. Plaintiffs have combed through Van Norstrand's communications with his medical professionals, attorneys, and his wife and organized and disclosed the information in his communications. There is no remedy at law that could repair Van Norstrand from the embarrassment and violation that Plaintiffs committed and still can commit without relief from the Court. Van Norstrand is the only party who has suffered from Plaintiffs' intrusion. Plaintiffs have no right to use Van Norstrand's personal, sensitive, and confidential communications and Plaintiffs suffer no harm if the Court grants the relief requested. The public interest would not be harmed, but rather served if Plaintiffs were enjoined from further accessing

and publishing Van Norstrand's confidential and personal information and required to return control of the account to Van Norstrand.

### B. Defendant is likely to suffer irreparable harm in the absence of preliminary relief.

To establish irreparable harm, plaintiffs must show that they are "likely to be irreparably harmed," not just that they face a mere possibility of harm. *United States v. South Carolina*, 720 F.3d 518, 533 (4th Cir. 2013). The "irreparable harm" to be suffered must be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)).

Absent a preliminary injunction, Van Norstrand will continue to suffer irreparable harm in the form of further harassment and defamation by the Plaintiffs. Plaintiffs gained unauthorized access to Van Norstrand's Google account and have read Van Norstrand's private and confidential conversations with his doctors, wife, and attorneys. Plaintiffs then shared and can still share this confidential and private information with third parties. Plaintiffs also currently maintain control of this account and are likely to continue mining Van Norstrand's sensitive information. This harm is not a mere possibility but a horrible reality for Van Norstrand. Therefore, this Court should enter a preliminary injunction to end Plaintiffs' intrusion upon Van Norstrand's confidential, personal, and sensitive information.

### C. The balance of equities tips in favor of Defendant.

To obtain a preliminary injunction, the balance of the equities must tip in favor of the plaintiff. *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). The balance of equities more than tips in Van Norstrand's favor. Plaintiffs had no right to access Van Norstrand's personal Google account, read the confidential and sensitive personal information it contained, and then

share such information with third parties. The harm that the denial of this requested relief would cause to Van Norstrand substantially outweighs any harm Plaintiffs would suffer if they are ordered to return Van Norstrand's personal Google account to him.

### D. An injunction is in the public interest.

The final requirement for a preliminary injunction is that the relief is in the public interest. *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017). The public interest favors preserving the privacy of Van Norstrand's confidential, personal information and entering an order requiring Plaintiffs to cease accessing and using Van Norstrand's personal information and return control of this personal Google account to Van Norstrand.

### IV.   CONCLUSION

For these reasons, Van Norstrand respectfully requests this Court grant his motion and enter the attached Order preventing Plaintiffs from further accessing Van Norstrand's personal Google account, turn the account back over to Van Norstrand's control, and provide an accounting of any information or documentation that Plaintiffs have copied, stored, deleted, moved, or changed, and enter such other and further relief that it deems just and appropriate.

        Respectfully submitted,

        SHULMAN, ROGERS, GANDAL
         PORDY & ECKER, P.A.

By:    */s/ William B. Schroeder*
        Glenn C. Etelson, Bar No. 06760
        getelson@shulmanrogers.com
        William B. Schroeder, Bar No. 13664
        wschroeder@shulmanrogers.com
        Victoria D. Tinker, Bar No. 30675
        vtinker@shulmanrogers.com
        12505 Park Potomac Avenue, Sixth Floor
        Potomac, MD 20854
        (301) 230-5200
        (301) 230-2891 (facsimile)
        *Attorneys for Defendant/Counterclaim Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of July 2023, a copy of the **Defendant's Motion for Preliminary Injunction** was served via the Court's PACER System and/or electronic mail on the following individual(s):

    Seth C. Berenzweig, Esq.
    Clyde E. Findley, Esq.
    Berenzweig Leonard, LLP
    8300 Greensboro Drive, Suite 1250
    McLean, VA  22102
    *Attorneys for Plaintiffs / Counterclaim Defendants*


        */s/ William B. Schroeder*
        William B. Schroeder