# EXHIBIT 1

| | |
|---|---|
| FUTURE FIELD SOLUTIONS, LLC, *et al.* )<br>)<br>    **Plaintiffs / Counterclaim Defendant** )<br>)<br>**v.** )<br>)<br>**ERIK VAN NORSTRAND** )<br>)<br>    **Defendant / Counterclaim Plaintiff /** )<br>    **Third Party Plaintiff** )<br>) | Case No. 1:23-cv-01301-DKC |

## AFFIDAVIT OF ERIK VAN NORSTRAND

I, ERIK VAN NORSTRAND, hereby solemnly declare and affirm under the penalties of perjury that the contents of this document are true and based upon my direct, personal knowledge:

1. I am over the age of 18 and competent to testify.

2. I am the original founder of Future Field Solutions, LLC ("FFS" or the "Company"), which was officially formed as a limited liability company in the State of Maryland in 2010 and again in 2012.

3. Steven Reese and James C. Brent joined in July 2020 to form a third iteration of FFS. Brian Tunson joined FFS in February 2022.

4. The Company's original Operating Agreement was executed on August 6, 2020.

5. I did not give FFS or any members of FFS permission to access my work or personal email or data.

6. There was also no policy about use or ownership of email or devices included in the Operating Agreement or any other document I have signed in relation to FFS. Plaintiffs

1

produced a document titled "2017 Future Field Solutions LLC Employee Handbook" however this Handbook was never adopted as a policy for FFS.

7. At all times from July 2020 through March 22, 2022, when Plaintiffs attempted to remove me from FFS, the Company never had any type of policy concerning the use of email or devices at work or regarding Company or employer access or monitoring of employee or member email or devices, or any type of waiver of a member or employee's right to privacy in email or data contained in work email or other devices.

8. I did not receive any notice that FFS or its other members was or were monitoring my personal or work email or any other data account, nor did I receive any notice or grant any access my personal or work email account or any other data contained in any email and/or devices.

9. Many years before the current iteration of FFS, I registered a personal, single user Google account through which I stored data, sent, and received futurefieldsolutions.com email among other emails. When the option became available, I upgraded the account to a free Google Workspace account.[1] I personally made monthly payments on this account for additional storage.

10. Prior to July 2020, I maintained an archive file of email in that personal Google account. It contained personal email including prior work email, privileged communications with my wife, and privileged communications with attorneys.

11. I never waived my right to privacy in my Google account or archived email.

12. My personal archived Google account never became property of FFS.

13. When FFS was formed in or about July 2020, I created Google accounts for the other new FFS members, Steve Reese and James Brent. I did not give, nor grant permission to

---

[1] Google Workspace is a collection of cloud computing, productivity and collaboration tools, and software.

other FFS members to access my personal or work email or any other data contained in the archived Google account. I did give Plaintiffs permission, on a temporary basis, to access the tools and Google Workspace for FFS business. This access was given on the condition that FFS would be migrating to a corporately owned Microsoft 365 account after several months.

14. In November 2021, I migrated all FFS work email from the Google Workspace to a web-based Microsoft365 email system to manage office operations and communications for FFS. Once we migrated, I revoked any permission to access the Google Workspace and my specific account information.

15. I did not transfer my archived Google email to Microsoft365 and took special care to ensure my personal Google account did not become Company property. I maintained my archived personal email and other data in the original legacy Google account with a secure password.

16. I made clear to Plaintiffs via oral instruction that, following the migration to Microsoft 365, their access to my Google Workspace was revoked. I also specifically used the encryption provided by Google Mail on the archived emails to maintain my privacy, because the legacy file contained ten years' worth of personal health information, spousal communications, attorney-client protected information, and other confidential communications not related to FFS.

17. In January 2022, I confirmed that access to my personal Google account and any data stored in the accounts for Reese and Brent would be removed or terminated in or about March 2022, and I converted the Google account to a legacy account that I would continue to personally own and maintain.

18. In November 2022, when I tried to log into my personal Google account, I received a notification that I had been locked out and I have not been able to access the account since.

19. When I received the production by FFS in this case on February 23, 2023, namely volume FFS004, I discovered that Plaintiffs accessed my legacy personal Google account without permission, changed my login credentials, and reviewed my private messages and email, includingemail dating from long before July 2020, as well as personal health information and privileged emails with my wife and attorneys, spanning roughly ten (10) years.

20. It is also apparent from other documents produced by FFS, including FFS000631 and FFS000813, that members of FFS downloaded my personal information and then shared misleading information with contractors and agencies under the guise of a "duty to report" but in an apparent effort to harm me and cause me to lose my security clearance and ability to earn a living.

21. After requesting that Plaintiffs restore my access to my personal Google account, Plaintiffs sent a link to a "mbox" folder which contained emails and chats from my personal Google account, but the folder did not contain documents, photos, videos, or other material stored in my legacy personal Google Drive.

22. Plaintiffs have refused to provide me with the new password to my legacy personal Google account and I remain unable to access that account. Plaintiffs still have access and control over my private information. Without the password and control over the account, I am unable to determine the full extent and scope of what they have done with my personal account and information and thus they remain free to publish and share my personal confidential information with others as they wish.

DATED: July 25th, 2023　　　　　　　　　　*Erik Van Norstrand*
　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　ERIK VAN NORSTRAND