EXHIBIT 6

# IN THE CIRCUIT COURT FOR HOWARD COUNTY, MARYLAND

**FUTURE FIELD SOLUTIONS, LLC, *et al.*,**

    *Plaintiffs/Counterclaim-Defendants,*

    v.

**ERIK VAN NORSTRAND,**

    *Defendant/Counterclaim-Plaintiff.*

**Case No.** C-13-CV-22-000581

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO COMPEL

Plaintiffs FUTURE FIELD SOLUTIONS, LLC ("FFS" or the "Company"), STEVEN REESE ("Reese"), JAMES C. BRENT, SR. ("Brent") and BRIAN TUNSON ("Tunson"), by and through counsel, collectively submit this Opposition to Defendant Erik Van Norstrand's Motion to Compel, filed on March 14, 2023.

## OVERVIEW

Defendant's Motion to Compel raises issues that (1) were either resolved long before the Motion was filed (the requested bank statements were produced); or (2) are clearly not relevant to the issues in this case (because they concern later-occurring events unrelated to the current claims or counterclaims). Knowing all that, Defendant elected to file his Motion anyway, and in the process, packed his Motion with disputed facts, misrepresentations, and outright fabrications. As explained in detail below, Defendant's Motion should be denied in all respects.

## DEFENDANTS' "FACTUAL" BACKGROUND

Defendant's story about forming FFS in 2010 and 2012 is not relevant to the pending Motion or to this case generally. It is also irrelevant and factually incorrect to suggest that the

current version of FFS is, or was, Defendant's company or that he ever was a majority owner. After previous versions of the Company had gone out of business, the Company re-formed in 2020 with Reese being the majority owner and with Brent and Defendant being minority owners. The current version of the Company is the only relevant version in this case.

It is wildly irresponsible, and an irrelevant mischaracterization at best, for Defendant to state that after the Company had been operating for approximately two years, the individual Plaintiffs "orchestrated a classic involuntary and improper squeeze-out of [Defendant] from the Company in direct violation of the controlling and binding terms of the Company's Operating Agreement." (Mot. at 3.) That is not what happened. Defendant was involuntarily withdrawn from the Company, in a manner at least arguably consistent with the Operating Agreement, following a series of events that highlighted certain problematic behaviors by Defendant. This litigation was initiated, not because Defendant disputed the fact that the individual Plaintiffs took action to remove him from the Company, but because Defendant refused to acknowledge that he had been *properly* removed. Thus, the parties' dispute concerns an interpretation of the relevant provisions of the Company's Operating Agreement as well as Maryland LLC law. The actual facts surrounding Defendant's withdrawal are not disputed.[1] Defendant's characterization of those facts, however, is strongly disputed, and Defendant should not have presented his version of the facts in such a misleading manner.

Pursuant to the Operating Agreement, Defendant is due a certain amount of money after being withdrawn, based on the value of his interests in the Company at the time. The parties have agreed to let an independent business valuation expert determine that value. The business valuation

---

[1] Accordingly, Defendant's counsel has agreed that Plaintiffs' declaratory judgment claim is ripe for summary judgment.

process is underway, and all relevant financial documents will be provided to the valuation expert as soon as the Company's CPA firm closes its 2022 books, which will be completed soon. This agreement concerning the production of financial documents is not disputed and both parties have indicated that they will cooperate in the valuation effort.

Defendant's statements about how the individual Plaintiffs "have basically run the company into the ground" are also not relevant to this Motion. They are also gross misrepresentations not deserving any further comment here.

The only facts that are truly relevant to the present Motion concern Plaintiffs' production of bank statements and tax returns. But those statements have already been produced. The remaining facts concern some of the individual Plaintiffs' alleged communications with certain Government contractors concerning Defendant's allegedly fraudulent representations. However, those communications are not relevant to this litigation, because they occurred long after the Claims and Counterclaims in this case were filed. They have no bearing on the present disputes.

## ARGUMENT

### I.    Bank Statements.

As summarized above, the parties agreed relatively early in the litigation to hire a business valuation expert to determine the value of FFS on two (2) dates: March 22, 2022 (the date when Defendant was withdrawn); and December 31, 2022 (the end of the Company's fiscal year). The valuation expert was retained on December 21, 2022, and the parties agreed that every document or communication shared with the valuation expert would be produced in discovery. That agreement has not changed.

However, on approximately March 1, 2023, Defendant's counsel asked Plaintiffs to produce "the financial documents we have requested … such as bank statements or tax

documents." (Def's. Mot., Ex. 4 at 25 (email dated Mar. 1, 2023).) That request began a chain of arguments between counsel about whether the Company's financial documents were to be produced when they were transmitted to the valuation expert – as the parties had discussed – or whether they should be produced immediately. (*See, e.g., id.* at 23 ("Financial documents will be produced when the company's CPAs finish their work and the documents are sent to [the expert]".) After several days of back-and-forth exchanges of emails, Plaintiffs produced the Company's 2020, 2021, and 2022 bank statements, as well as the Company's 2020 and 2021 tax return. (*See, e.g.*, *id.* at 5 ("Attached is a new confidential production containing a set of 2022 statements from FFS's checking account xxx5705. I believe the first 3 statements are duplicative of statements we already produced.")

Defendant's counsel neglected to inform the Court that, seven (7) days *before* Defendant filed his Motion to Compel on March 14, 2023, Plaintiffs had produced all Company bank statements and tax returns that Defendant had requested. (*See* **Exhibits 1-3** (producing Company bank statements and tax returns on March 7, 2023.).)

After Defendant filed his Motion to Compel, Defendant's counsel informed Plaintiffs that FFS had a savings account from which statements must be produced. The undersigned investigated and learned that FFS did indeed have a savings account, but its contents did not substantively affect the financial state of the Company and the CPAs had not been interested in it. Nevertheless, Plaintiffs produced statements from that savings account within a few days. (*See* **Exhibit 4** (producing savings account statements).)

Plaintiffs accordingly believe that all responsive financial documents requested by Defendant have been produced, and therefore Defendant's Motion to Compel production of these

documents was totally unnecessary and a waste of the Court's time. The undersigned repeatedly reassured Defendant's counsel that they would be produced, and they were.

## II.     Lockheed Martin Communications.

The remainder of Defendant's Motion to Compel seeks communications with Lockheed Martin concerning Defendant's qualifications. However, those communications took place many months after this litigation began. They are therefore not relevant to any matter currently before the Court and will not lead to the discovery of admissible evidence. Moreover, Defendant has issued no discovery requests concerning these topics. Specifically, Defendant has propounded no discovery requests seeking post-litigation communications between the Plaintiffs on the one hand, and either the U.S. Government or any government contractors with whom FFS did business on the other hand. This portion of Defendant's Motion to Compel is therefore a fishing expedition without any basis, and it should not be permitted.

*For context*: One of the reasons the individual Plaintiffs involuntarily withdrew Defendant from FFS was that Defendant appeared to have lied about his qualifications on certain resumes. Lying on resumes can be a career-ending problem for FFS employees and members because the Company does business with the U.S. Government on contracts for which high-level security clearances are required. In that kind of business, truthfulness is extremely important. When the individual Plaintiffs involuntarily withdrew Defendant from the Company, information they knew *at that time* about Defendant's lying is relevant to this case. But once Defendant was withdrawn, any information they subsequently uncovered about Defendant's lying, and/or any required actions they may have taken to report that lying to the Government, are not relevant to their earlier decision. Nor could any such information lead to the discovery of evidence that might be relevant to that earlier decision. Timing is everything when it comes to Plaintiffs' decision to withdraw Defendant from the Company. After-occurring evidence simply does not shine any light on the

knowledge that the Plaintiffs had in their possession when they made their decision on March 22,

2022. And none of that information helps Defendant prove or disprove any of his Counterclaims.

Therefore, this portion of Defendant's Motion to Compel must also be denied.

## III.   Protected Information.

FFS has been instructed that certain information about its work on U.S. Government

contracts – including the identity of government customers, project names, and especially any

subject matter, whether a responsive document is marked Classified or is otherwise identified as

Controlled Unclassified Information ("CUI") or For Official Use Only ("FOUO") – cannot be

disclosed without Government permission, even if the information is unclassified. FFS is therefore

quite reluctant to produce any such documents without appropriate permissions and safeguards,

especially when the documents are so far removed from the subjects at issue in the present case

and when the discovery requests are so broad and not limited to specific subject matter, time, place,

or participants. Moreover, none of the information about FFS's communications with the

Government or its contractors concerns any issue currently before the Court. To the extent the

Court finds otherwise and rules that protected information must be produced, Plaintiffs respectfully

ask the Court to require Defendant to narrow his discovery requests significantly, in order to avoid

overbreadth and to allow for proper collection and review, including review by the Government.

Plaintiffs also respectfully ask the Court to allow sufficient time for the Government to provide

appropriate advice and counseling and to work with the parties and the Court to produce all

relevant information while simultaneously respecting the Government's interests in protecting its

sources and methods, as well as other categories of protected information.

## IV.   Proposal to Simplify Discovery and the Entire Case.

To help simplify discovery and to guide the Court's ruling concerning the present Motion

to Compel, Plaintiffs have offered a proposal to Defendant to bifurcate or partition the case into

two logically separate phases. Such a partition would greatly simplify discovery and would further streamline the legal issues before the Court as well. The first phase would focus on resolving the declaratory judgment claims brought by Plaintiffs and Defendant. Those claims concern whether Defendant was properly withdrawn from the Company on March 22, 2022 and is still a member. That issue, the parties have agreed, can be resolved on Summary Judgment. No further discovery should be required. If Plaintiffs prevail on that issue, every other Counterclaim filed by Defendant would likely fail as a matter of law and the case would essentially be over, other than a financial accounting of the Company, which would likely be completed by the business valuation expert and require no further litigation.

On the other hand, if Defendant prevails and he becomes a member of the Company again, then he would likely have direct access to the documents at issue, and all discovery disputes would be minimized. At the same time, Defendant's remaining Counterclaims would be more focused because the parties would better understand their respective legal positions vis-à-vis each other.

As it stands now, all discovery relating to Defendant's remaining Counterclaims is conditioned on a hypothetical premise of Defendant's membership in the Company, which encourages discovery requests to be much broader than they need to be. Plaintiffs contend that it makes very little sense to conflate these two very different worlds unless it is absolutely necessary. The membership withdrawal question logically precedes everything else. It should go first. No party would be prejudiced by this kind of bifurcation. And all parties would benefit by being able to focus on their actual disputes, in the order in which they logically follow.

Thus, given the sensitive nature of producing government-protected information, as well as the cost of that discovery effort combined with the fact that such information is far outside the relevance boundary of the parties' Claims and Counterclaims filed thus far, if the Court is inclined

to grant Defendant's request for the protected information, Plaintiffs ask the Court to bifurcate the case so the question of whether Defendant was properly withdrawn from the Company can be resolved first, on Summary Judgment.[2] If Defendant prevails on that issue, the case can continue on the remaining Counterclaims. If Plaintiffs prevail, the case should be essentially over.

## CONCLUSION

For all the reasons given above, Defendant's Motion to Compel is patently unsound and should be denied in its entirety; and if necessary, the case should be bifurcated to resolve Plaintiffs' Claim first, and then the parties can litigate any remaining Claims and/or Counterclaims.

Respectfully submitted,

Dated:   March 28, 2023

/s/ Seth C. Berenzweig
Seth C. Berenzweig, Esq. (Atty No: 9801120001)
 sberenzweig@berenzweiglaw.com
Clyde E. Findley, Esq. (admitted *pro hac vice*)
 cfindley@berenzweiglaw.com
BERENZWEIG LEONARD, LLP
8300 Greensboro Drive, Suite 1250
McLean, Virginia 22102
Telephone: (703) 760-0402
Facsimile: (703) 462-8674

*Counsel for Plaintiffs*

---

[2] Of course, Plaintiffs would naturally expect to file an appropriate Motion to Bifurcate.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 28th day of March 2023, a copy of the foregoing was

served via the Court's MDEC System and/or mail, postage prepaid, on the following individual(s):

Glenn C. Etelson, Esq.
  getelson@shulmanrogers.com
Lane Hornfeck, Esq.
  lhornfeck@shulmanrogers.com
12505 Park Potomac Avenue, 6th Floor
Potomac, MD 20854
(301) 230-5200 (telephone)
(301) 230-2891 (facsimile)

*Counsel for Erik Von Norstrand*

*/s/ Clyde E. Findley*
Clyde E. Findley

# EXHIBIT 1

| From: | Clyde Findley |
|---|---|
| To: | Lane Hornfeck |
| Cc: | Seth Berenzweig; Glenn Etelson; Colleen Cornatzer; Victoria Tinker; Michelle DiCarlo |
| Subject: | Re: FFS -- Document Production (FFS006, FFS007) - Discovery Dispute and Designation of FFS Docs as Privileged and Confidential |
| Date: | Tuesday, March 7, 2023 5:48:23 AM |
| Attachments: | image001.png |
| | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |
| | image006.png |
| | image007.png |
| | FFS008.zip |

Lane,

Attached is a new confidential production containing a set of 2022 statements from FFS's checking account xxx5705. I believe the first 3 statements are duplicative of statements we already produced.

I have also received 2022 statements from another checking account. However, I need to redact the account number from those statements before producing them, and I do not have access to my redaction tool at home, which is where I am now. I will be in an intensive CLE all day today, but I plan to go to the office afterwards to perform the redactions and produce those statements this evening.

Based on the CLE agenda, it looks like the best time to talk will be from 12:30 until 1:45 (lunch). Short 15-minute breaks are scheduled to occur at 10:00, 11:00, 3:00, and 4:30. Around 6:00, I plan to drive to the office, so we could talk then too.

I do not yet have FFS's 2021 tax return. I hope to receive it today, so I can produce it tonight.

My understanding is that the issues you would raise in a Motion to Compel are focused on the 2022 bank statements and the 2021 tax return. Hopefully, we will produce all of those documents by the end of today. If something goes wrong, we still intend to produce them as soon as possible. We are not withholding anything.

To the extent your Motion would also include a discussion of privileged material, that is a new issue, not a time-critical issue worth bringing to the court's attention now, and not an issue that we have had a chance to fully consider and address. However, just for discussion, we noticed a 2012 4th Circuit case called *United States v. Hamilton*, which seems to support the idea that marital privilege is not preserved when a person uses an office computer to send and receive email. FFS informs us that Mr. Van Norstrand intentionally uploaded his personal email data to the company's Office 365 account and gave at least two of the members (Messrs. Brent and Reese) administrative privileges to that account.

Finally, we believe FFS has a company policy informing everyone in the company that all information stored on company computers or in company accounts can be inspected and is not to be considered private. (Note that we believe FFS is required to have such a policy.) FFS believes this policy was one of 800+ documents that Mr. Van Norstrand improperly deleted from a company account after he was terminated. Nevertheless, FFS believes that it may be able to recover that policy. I have not received it yet, but when I do, if it is responsive to your request, we will produce it immediately.

-Clyde

**Clyde Findley**
**BERENZWEIG LEONARD LLP**
main: 703.760.0402 ■ direct: 703.574.9140
fax: 703.462.8674 ■ cell: 703.209.9359

---

**From:** Lane Hornfeck <LHornfeck@shulmanrogers.com>
**Date:** Monday, March 6, 2023 at 7:01 PM
**To:** Clyde Findley <cfindley@berenzweiglaw.com>
**Cc:** Seth Berenzweig <sberenzweig@berenzweiglaw.com>, Glenn Etelson
<GEtelson@shulmanrogers.com>, Colleen Cornatzer <CCornatzer@shulmanrogers.com>,
Victoria Tinker <VTinker@shulmanrogers.com>, Michelle DiCarlo
<MDiCarlo@shulmanrogers.com>
**Subject:** RE: FFS -- Document Production (FFS006, FFS007) - Discovery Dispute and
Designation of FFS Docs as Privileged and Confidential

Good evening. Am still in this depo.  Am in another depo tomorrow but will reach out and try to find a time to connect.

Best Regards,

LANE MILLS HORNFECK
SHAREHOLDER | COMMERCIAL LITIGATION
LHornfeck@shulmanrogers.com | **T** (301) 945-9276 | **F** (301) 230-2891 | **C** (240) 565-2220
12505 PARK POTOMAC AVENUE, 6TH FLOOR, POTOMAC, MD 20854
*Licensed in Maryland, Washington, D.C., and Hawaii

**VCARD** | **BIO**



*A Professional Association*



Please consider the environment before printing this email.

---

**From:** Clyde Findley <cfindley@berenzweiglaw.com>
**Sent:** Monday, March 6, 2023 5:10 PM
**To:** Lane Hornfeck <LHornfeck@shulmanrogers.com>
**Cc:** Seth Berenzweig <sberenzweig@berenzweiglaw.com>; Glenn Etelson
<GEtelson@shulmanrogers.com>; Colleen Cornatzer <CCornatzer@shulmanrogers.com>; Victoria
Tinker <VTinker@shulmanrogers.com>; Michelle DiCarlo <MDiCarlo@shulmanrogers.com>
**Subject:** RE: FFS -- Document Production (FFS006, FFS007) - Discovery Dispute and Designation of
FFS Docs as Privileged and Confidential

Lane,

I am busy too... I will be leaving the office at 5:15 and driving for about one hour. Please feel
free to call my cell phone then. After about 6:30, I turn into a pumpkin with other
commitments.

Tomorrow and most of Wednesday I have to be in a 2-day CLE. I can be interrupted, though.

Tuesday morning, I will be driving to the CLE for about one hour, from 7:00 until 8:00. You can
call me then. Same for Wednesday morning.

-Clyde

**Clyde Findley**
**BERENZWEIG LEONARD, LLP**
**Main**: 703-760-0402 | **Direct:** 703-574-9140 | **Mobile:** 703-209-9359

Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other
privileges or provisions of law. If you are not an intended recipient of this email, do not read, copy, use, forward or disclose the email or
any of its attachments to others. Instead, immediately notify the sender by replying to this email and then delete it from your system. We

strictly prohibit any unauthorized disclosure, copying, distribution or use of emails or attachments sent by us.

**From:** Lane Hornfeck <LHornfeck@shulmanrogers.com>
**Sent:** Monday, March 6, 2023 4:52 PM
**To:** Clyde Findley <cfindley@berenzweiglaw.com>
**Cc:** Seth Berenzweig <sberenzweig@berenzweiglaw.com>; Glenn Etelson <GEtelson@shulmanrogers.com>; Colleen Cornatzer <CCornatzer@shulmanrogers.com>; Victoria Tinker <VTinker@shulmanrogers.com>; Michelle DiCarlo <MDiCarlo@shulmanrogers.com>
**Subject:** RE: FFS -- Document Production (FFS006, FFS007) - Discovery Dispute and Designation of FFS Docs as Privileged and Confidential

Clyde –

Thanks.  I am still in a deposition.  Am glad to set a time that works for us both. Send me options for your availability.  I can try this evening as well.

Best Regards,

## LANE MILLS HORNFECK
**SHAREHOLDER | COMMERCIAL LITIGATION**

LHornfeck@shulmanrogers.com | **T** (301) 945-9276 | **F** (301) 230-2891 | **C** (240) 565-2220

12505 PARK POTOMAC AVENUE, 6TH FLOOR, POTOMAC, MD 20854
*Licensed in Maryland, Washington, D.C., and Hawaii

**VCARD** | **BIO**



*A Professional Association*



Please consider the environment before printing this email.

**From:** Clyde Findley <cfindley@berenzweiglaw.com>
**Sent:** Monday, March 6, 2023 4:41 PM
**To:** Lane Hornfeck <LHornfeck@shulmanrogers.com>

**Cc:** Seth Berenzweig <[sberenzweig@berenzweiglaw.com](mailto:sberenzweig@berenzweiglaw.com)>; Glenn Etelson <[GEtelson@shulmanrogers.com](mailto:GEtelson@shulmanrogers.com)>; Colleen Cornatzer <[CCornatzer@shulmanrogers.com](mailto:CCornatzer@shulmanrogers.com)>; Victoria Tinker <[VTinker@shulmanrogers.com](mailto:VTinker@shulmanrogers.com)>; Michelle DiCarlo <[MDiCarlo@shulmanrogers.com](mailto:MDiCarlo@shulmanrogers.com)>
**Subject:** RE: FFS -- Document Production (FFS006, FFS007) - Discovery Dispute and Designation of FFS Docs as Privileged and Confidential

Lane,

I am back in the office. I just left you a voicemail. Please call me at your earliest convenience. If it's after 5:00, please call my cell.

-Clyde

**Clyde Findley**

**Bᴇʀᴇɴᴢᴡᴇɪɢ Lᴇᴏɴᴀʀᴅ, LLP**
**Main**: 703-760-0402 **|** **Direct:** 703-574-9140 **|** **Mobile:** 703-209-9359

Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law. If you are not an intended recipient of this email, do not read, copy, use, forward or disclose the email or any of its attachments to others. Instead, immediately notify the sender by replying to this email and then delete it from your system. We strictly prohibit any unauthorized disclosure, copying, distribution or use of emails or attachments sent by us.

**From:** Lane Hornfeck <[LHornfeck@shulmanrogers.com](mailto:LHornfeck@shulmanrogers.com)>
**Sent:** Monday, March 6, 2023 2:36 PM
**To:** Clyde Findley <[cfindley@berenzweiglaw.com](mailto:cfindley@berenzweiglaw.com)>
**Cc:** Seth Berenzweig <[sberenzweig@berenzweiglaw.com](mailto:sberenzweig@berenzweiglaw.com)>; Glenn Etelson <[GEtelson@shulmanrogers.com](mailto:GEtelson@shulmanrogers.com)>; Colleen Cornatzer <[CCornatzer@shulmanrogers.com](mailto:CCornatzer@shulmanrogers.com)>; Victoria Tinker <[VTinker@shulmanrogers.com](mailto:VTinker@shulmanrogers.com)>; Michelle DiCarlo <[MDiCarlo@shulmanrogers.com](mailto:MDiCarlo@shulmanrogers.com)>
**Subject:** RE: FFS -- Document Production (FFS006, FFS007) - Discovery Dispute and Designation of FFS Docs as Privileged and Confidential

Clyde –

I am glad to get on a call to talk through this and encourage us to make time to do so, but please understand that I have given you documents (please scroll down in this string) from your own production confirming that your clients accessed our client's legacy Google account. We understand that the company migrated to Microsoft 360 in 2021 and Mr. Van Norstrand retained control of the Google account thereafter – as he originally established in 2014. Approximately 3 months ago, someone cutoff Mr. Van Norstand's access to the Google account and we presume it was your clients.

Even if the Company had access to Mr. Van Norstrand's emails pre-dating the current formation of the Company in 2020, that does not mean he waived his expectation of privacy or privilege in those documents.  Many of the documents you have produced and your clients'

accessed in search for support for their actions clearly showed on the face of the documents that they were dated from many years before the Company even formed.  It appears that neither you nor they even considered these issues before searching through the documents and then producing them to the extent you/your office did not even mark them confidential, including financial and personal health information of Defendant and his wife.

We are affirmatively telling you neither Mr. Van Norstrand nor his wife waived his or her expectation of privacy in privileged and/or confidential communications – and we notified you immediately upon seeing them in your production – and the burden now shifts to you to show how he or she waived that expectation, privacy or privilege.

I have asked you multiple times to show us agreements and/or policies to which Mr. Van Norstrand agreed or consented to such a waiver regarding his property, privacy and/or privilege, and you have failed to provide them – pointing only to the operating agreement without even a section reference.  Our review of the operating agreement does not provide any provision addressing these issues. If we have missed it, please let us know.  Likewise, if you have some other document or case law or anything that supports your position, please provide it to us so that we may consider it.

Otherwise, we will be forced to file the appropriate motion with the Court to protect the privileged and confidential documents and information.  We look forward to hearing from you.

Best Regards,

LANE MILLS HORNFECK
SHAREHOLDER | COMMERCIAL LITIGATION
LHornfeck@shulmanrogers.com | **T** (301) 945-9276 | **F** (301) 230-2891 | **C** (240) 565-2220
12505 PARK POTOMAC AVENUE, 6TH FLOOR, POTOMAC, MD 20854
*Licensed in Maryland, Washington, D.C., and Hawaii

**VCARD** | **BIO**



*A Professional Association*



Please consider the environment before printing this email.

---

**From:** Clyde Findley <<cfindley@berenzweiglaw.com>>
**Sent:** Monday, March 6, 2023 1:31 PM
**To:** Lane Hornfeck <<LHornfeck@shulmanrogers.com>>
**Cc:** Seth Berenzweig <<sberenzweig@berenzweiglaw.com>>; Glenn Etelson <<GEtelson@shulmanrogers.com>>; Colleen Cornatzer <<CCornatzer@shulmanrogers.com>>; Victoria Tinker <<VTinker@shulmanrogers.com>>; Michelle DiCarlo <<MDiCarlo@shulmanrogers.com>>
**Subject:** RE: FFS -- Document Production (FFS006, FFS007) - Discovery Dispute and Designation of FFS Docs as Privileged and Confidential

Lane,

The documents that you wish to assert are privileged are not documents you produced inadvertently and are now asking to be clawed back. This is an unusual situation where your client saved documents in company-held accounts available to the members (in their possession, custody, and/or control), and now, after the members produced those documents in response to your discovery requests, your client wants to assert a privilege and protect them. (Absent any evidence otherwise, we reject your claim that our clients improperly accessed your client's Google account to download his documents.) We are actually doing what you have suggested: evaluating whether your client's actions may constitute a waiver. The one exception relates to the documents you have identified that are protected by attorney-client privilege. We need to make sure the attorney on those communications did not actually represent the company, which would call into question Mr. Van Norstrand's claim of privilege. We note that Mr. Van Norstrand's wife is named on at least one email in those chains, so both issues may be at play there. Please stay tuned. These issues are not as straightforward as you suggest.

-Clyde

**Clyde Findley**
**BERENZWEIG LEONARD, LLP**
**Main**: 703-760-0402 | **Direct:** 703-574-9140 | **Mobile:** 703-209-9359

Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law. If you are not an intended recipient of this email, do not read, copy, use, forward or disclose the email or any of its attachments to others. Instead, immediately notify the sender by replying to this email and then delete it from your system. We strictly prohibit any unauthorized disclosure, copying, distribution or use of emails or attachments sent by us.

---

**From:** Lane Hornfeck <<LHornfeck@shulmanrogers.com>>

**Sent:** Monday, March 6, 2023 12:29 PM
**To:** Clyde Findley <cfindley@berenzweiglaw.com>
**Cc:** Seth Berenzweig <sberenzweig@berenzweiglaw.com>; Glenn Etelson <GEtelson@shulmanrogers.com>; Colleen Cornatzer <CCornatzer@shulmanrogers.com>; Victoria Tinker <VTinker@shulmanrogers.com>; Michelle DiCarlo <MDiCarlo@shulmanrogers.com>
**Subject:** Re: FFS -- Document Production (FFS006, FFS007) - Discovery Dispute and Designation of FFS Docs as Privileged and Confidential

Clyde -

Once we have identified privileged documents, you should not be reviewing them or describing them in emails to others. Please refrain from doing that. The issue of waiver would be based on how the documents came into your clients' possession and has nothing to do with their content. We have asked for company agreements or policies regarding employee property, privacy and/or confidentiality and you pointed us generically to the operating agreement which fails to address any of these issues. Please re-familiarize yourself with Maryland ethical duties in handling privileged and confidential materials of others under Rule 2-402. Your clients' behavior should not be dictating how your office is handling this data.

Best Regards,
LANE MILLS HORNFECK

SHAREHOLDER | COMMERCIAL LITIGATION
LHornfeck@shulmanrogers.com | **T** (301) 945-9276 | **F** (301) 230-2891 | **C** (240) 565-2220
12505 PARK POTOMAC AVENUE, 6TH FLOOR, POTOMAC, MD 20854
*Licensed in Maryland, Washington, D.C., and Hawaii

**Please consider the environment before printing this email.**
Apologies for any typos!

On Mar 6, 2023, at 11:51 AM, Clyde Findley <cfindley@berenzweiglaw.com> wrote:

Lane,

This is in response to the table of documents you asked us to withdraw from production:

Generally speaking, we are very willing to treat as CONFIDENTIAL the documents

you have identified.

As to Mr. Van Norstrand's claims of spousal privilege, we will have to spend a little more time evaluating the facts and more specifically determining if Mr. Van Norstrand may have waived any privilege. Please give us a few days to work this out.

About FFS0000757-FFS0000762 and FFS0000794-FFS0000809: It appears that these communications with an attorney and possibly Mr. Van Norstrand's wife concern matters relating to his work for FFS and therefore may not be privileged at all. Can you shed a little more light on this? The communications seem to involve employment or subcontractor issues raised with a company called "ACNC," and the communications were sent and received using Mr. Van Norstrand's FFS email account. Did Mr. Dansicker represent Mr. Van Norstrand personally, or was he an attorney for FFS? Further, these emails were found within company accounts, so nothing about them seems personal. Rather, they appear to be company-related. We will investigate this issues on our end as well.

Best regards,

-Clyde

**Clyde Findley**
**Berenzweig Leonard, LLP**
**Main**: 703-760-0402 | **Direct:** 703-574-9140 | **Mobile:** 703-209-9359

Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law. If you are not an intended recipient of this email, do not read, copy, use, forward or disclose the email or any of its attachments to others. Instead, immediately notify the sender by replying to this email and then delete it from your system. We strictly prohibit any unauthorized disclosure, copying, distribution or use of emails or attachments sent by us.

**From:** Lane Hornfeck <LHornfeck@shulmanrogers.com>
**Sent:** Saturday, March 4, 2023 1:05 PM
**To:** Clyde Findley <cfindley@berenzweiglaw.com>
**Cc:** Seth Berenzweig <sberenzweig@berenzweiglaw.com>; Glenn Etelson <GEtelson@shulmanrogers.com>; Colleen Cornatzer <CCornatzer@shulmanrogers.com>; Victoria Tinker <VTinker@shulmanrogers.com>; Michelle DiCarlo <MDiCarlo@shulmanrogers.com>
**Subject:** RE: FFS -- Document Production (FFS006, FFS007) - Discovery Dispute and Designation of FFS Docs as Privileged and Confidential

Clyde –

I am writing in follow up to your recent 3/3/23 production and to resolve an ongoing discovery dispute.

Your and/or your clients' determination that bank statements after March 2022 are not relevant is improper. If we do not receive the April 2022 through present bank statements from FFS, we will be filing the motion to compel we have started to prepare.  Likewise, the 2021 tax records and communications with the company's accountant for 2021 and 2022 also remain missing. As a member of the LLC, Mr. Van Norstrand has received a K1 for 2021 prepared by the company. Accordingly, the 2021 k1s for all members should have been prepared and any communications with the FFS accountant who prepared them – all are discoverable.  If we likewise do not receive these documents by Monday morning, we will be forced to proceed with the motion to compel.

In addition, attached please find a spreadsheet of the documents FFS produced that are Van Norstrand's privileged and/or confidential communications and should be removed from your production and deleted.  In this vein, we have also learned that my prior position regarding your clients' accessing an archived pst file was incorrect.  We understand that your clients may have actually accessed Mr. Van Norstrand's legacy Google account in order to review and obtain these documents and information without his permission and apparently in violation of state and federal common and statutory law involving privacy and electronic data and accounts.

Indeed, the entirety of FFS Vol 4 of your 2/23/23 production appears to be from this account.  Mr. Van Norstrand hereby designates the entirety of Vol 4 of the FFS 2/23/23  production as Confidential Discovery Material pursuant to the agreed upon stipulated protective order and we will be moving for a protective order to preclude your clients' use of these materials in this action and beyond.

We also hereby demand that your client cease and desist from using this information to make negligent and/or intentionally misleading and/or false reports to any parties about Mr. Van Norstrand.  FFS000631 and 813 make apparent that your clients are behind the report to Lockheed Martin on the RoadRally Contract and that they accessed Mr. Van Norstrand's legacy account in order to do so.  Mr. Van Norstrand will seek any and all resulting damages and fees caused by your clients' actions to the extent they were done intentionally, maliciously and without basis – all in order to attempt to gain leverage in this litigation and to personally harm Mr. Van Norstrand's long term ability to work in a secure and/or classified environment.

Please speak with your clients and let me know if they will voluntarily agree to cease and desist from using the documents and/or information contained in your Vol 4 production, or if we will be required to proceed with a motion for protective order.

Please also note, if not obvious to you, that FFS0000631 makes clear that your clients' clandestine search for a basis for their removal of Mr. Van Norstrand occurred in and after November 2022 and the documents and information contained therein were not and could not serve as a basis for improper attempted removal of Mr. Van Norstrand in March 2022.

To the extent you would like to participate in an in-person or a telephonic and/or electronic meet and confer regarding, and are genuinely open to discussing, any of the above, please let me know. I will make myself available.

Best Regards,

LANE MILLS HORNFECK
SHAREHOLDER | COMMERCIAL LITIGATION
LHornfeck@shulmanrogers.com | **T** (301) 945-9276 | **F** (301) 230-2891 | **C** (240) 565-2220
12505 PARK POTOMAC AVENUE, 6TH FLOOR, POTOMAC, MD 20854
*Licensed in Maryland, Washington, D.C., and Hawaii

**VCARD** | **BIO** 



*A Professional Association*


Please consider the environment before printing this email.

---

**From:** Clyde Findley <cfindley@berenzweiglaw.com>
**Sent:** Friday, March 3, 2023 3:45 PM
**To:** Lane Hornfeck <LHornfeck@shulmanrogers.com>; Glenn Etelson <GEtelson@shulmanrogers.com>; Colleen Cornatzer <CCornatzer@shulmanrogers.com>; Victoria Tinker <VTinker@shulmanrogers.com>
**Cc:** Seth Berenzweig <sberenzweig@berenzweiglaw.com>
**Subject:** FFS -- Document Production (FFS006, FFS007)

Lane,

The following links should let you download the following new productions:

1. FFS006.zip: https://berenzweiglaw.sharefile.com/d-s22c111b17dec4eae8e2afd4d9a03fb1f
2. FFS007.zip: https://berenzweiglaw.sharefile.com/d-sba236cf85678417199d9cbab5883d728

FFS006 is a collection of Future Field Solutions' relevant bank statements. FFS007 contain documents relating to Future Field Solutions' 2020 tax return.

All of these documents are marked CONFIDENTIAL.

Best regards,

-Clyde

**Clyde Findley**
**BERENZWEIG LEONARD LLP**
8300 Greensboro Drive, Suite 1250
McLean, VA 22102
main: 703.760.0402 ■ direct: 703.574.9140
fax: 703.462.8674 ■ cell: 703.209.9359
**Website** | **Bio** | **Map** | **Email** | **LinkedIn**


The information contained in this electronic message and any attached documents is privileged, confidential, and protected from disclosure. It may be an attorney-client communication and, as such, is privileged and confidential. If you are not the intended recipient, note that any review, disclosure, copying, distribution, or use of the contents of this electronic message or any attached documents is prohibited. If you have received this communication in error, please destroy it and notify us immediately by telephone (1-301-230-5200) or by electronic mail (LawFirm@ShulmanRogers.com). Thank you.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Clyde Findley |
| **To:** | Lane Hornfeck |
| **Cc:** | Seth Berenzweig; Glenn Etelson; Colleen Cornatzer; Victoria Tinker; Michelle DiCarlo |
| **Subject:** | FFS -- Document Production (FFS0009) |
| **Date:** | Tuesday, March 7, 2023 8:08:00 PM |
| **Attachments:** | FFS009.zip |

Lane,

Attached is new confidential production containing statements from FFS's other checking account plus FFS's 2022 tax return. As I was processing these documents this evening, I noticed that the December 2022 bank statement is missing. It was probably an oversight. I will find out and let you know as soon as possible.

-Clyde

**Clyde Findley**

**BERENZWEIG LEONARD, LLP**
**Main**: 703-760-0402 | **Direct:** 703-574-9140 | **Mobile:** 703-209-9359

Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law. If you are not an intended recipient of this email, do not read, copy, use, forward or disclose the email or any of its attachments to others. Instead, immediately notify the sender by replying to this email and then delete it from your system. We strictly prohibit any unauthorized disclosure, copying, distribution or use of emails or attachments sent by us.

E-FILED; Howard Circuit Court
Docket: 3/28/2023 4:28 PM; Submission: 3/28/2023 4:28 PM

# EXHIBIT 3

| | |
|---|---|
| **From:** | Clyde Findley |
| **To:** | Lane Hornfeck |
| **Cc:** | Seth Berenzweig; Glenn Etelson; Colleen Cornatzer; Victoria Tinker; Michelle DiCarlo |
| **Subject:** | RE: FFS -- Document Production (FFS0009) |
| **Date:** | Tuesday, March 7, 2023 8:42:00 PM |
| **Attachments:** | FFS010.zip |

Lane,

And now here is the December 2022 statement from FFS's other checking account.

-Clyde

## Clyde Findley

**BERENZWEIG LEONARD, LLP**

**Main**: 703-760-0402 | **Direct:** 703-574-9140 | **Mobile:** 703-209-9359

Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law. If you are not an intended recipient of this email, do not read, copy, use, forward or disclose the email or any of its attachments to others. Instead, immediately notify the sender by replying to this email and then delete it from your system. We strictly prohibit any unauthorized disclosure, copying, distribution or use of emails or attachments sent by us.

**From:** Clyde Findley
**Sent:** Tuesday, March 7, 2023 8:08 PM
**To:** Lane Hornfeck <LHornfeck@shulmanrogers.com>
**Cc:** Seth Berenzweig <sberenzweig@berenzweiglaw.com>; Glenn Etelson <GEtelson@shulmanrogers.com>; Colleen Cornatzer <CCornatzer@shulmanrogers.com>; Victoria Tinker <VTinker@shulmanrogers.com>; Michelle DiCarlo <MDiCarlo@shulmanrogers.com>
**Subject:** FFS -- Document Production (FFS0009)

Lane,

Attached is new confidential production containing statements from FFS's other checking account plus FFS's 2022 tax return. As I was processing these documents this evening, I noticed that the December 2022 bank statement is missing. It was probably an oversight. I will find out and let you know as soon as possible.

-Clyde

## Clyde Findley

**BERENZWEIG LEONARD, LLP**

**Main**: 703-760-0402 | **Direct:** 703-574-9140 | **Mobile:** 703-209-9359

Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law. If you are not an intended recipient of this email, do not read, copy, use, forward or disclose the email or any of its attachments to others. Instead, immediately notify the sender by replying to this email and then delete it from your system. We strictly prohibit any unauthorized disclosure, copying, distribution or use of emails or attachments sent by us.

# EXHIBIT 4

| | |
|---|---|
| **From:** | Clyde Findley |
| **To:** | Lane Hornfeck |
| **Cc:** | Seth Berenzweig; Glenn Etelson; Colleen Cornatzer; Victoria Tinker; Michelle DiCarlo |
| **Subject:** | FFS - Document Production (FFS012) |
| **Date:** | Friday, March 24, 2023 4:39:00 PM |
| **Attachments:** | FFS012.zip |

Lane,

Attached is new confidential production containing statements from FFS's savings account. There is no separate cash management account.

-Clyde

**Clyde Findley**
**Special Counsel**
BERENZWEIG LEONARD, LLP
**Main**: 703-760-0402 | **Direct:** 703-574-9140 | **Mobile:** 703-209-9359
8300 Greensboro Drive, Suite 1250, McLean, VA 22102
BerenzweigLaw.com | LinkedIn | Twitter | Facebook | Bio

Emails and attachments received from us may be protected by the attorney-client privilege, as attorney work-product or based on other privileges or provisions of law. If you are not an intended recipient of this email, do not read, copy, use, forward or disclose the email or any of its attachments to others. Instead, immediately notify the sender by replying to this email and then delete it from your system. We strictly prohibit any unauthorized disclosure, copying, distribution or use of emails or attachments sent by us.