IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FUTURE FIELD SOLUTIONS, LLC, et al.,** | * | |
| *Plaintiffs,* | * | |
| v. | * | **Case No. 1:23-cv-01301-DKC** |
| **ERIK VAN NORSTRAND,** | * | |
| *Defendant.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SUMMARY OPINION AND ORDER REGARDING DISCOVERY DISPUTES

The Court has considered the parties' position letters detailing several discovery disputes as well as the Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motion for Partial Summary Judgment and Plaintiffs' Opposition thereto. *See* (ECF Nos. 56, 57, 58, 59, 62, 67). The Court also held an in-person hearing today. For the reasons explained in detail during today's hearing and summarized below, it is this 20th day of September 2023 hereby **ORDERED** that:

1. Defendant's Motion for Extension of Time to Respond to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 59) is **GRANTED** to the extent Defendant seeks to supplement its previously-filed opposition (ECF No. 68) in light of the upcoming deposition testimony of Plaintiff Steven Reese, scheduled for September 26, 2023. Any supplement to Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment shall be due fourteen (14) days from the deposition of Plaintiff Steven Reese, with Plaintiffs' Reply thereto due fourteen (14) days from the date of Defendant's supplemented Opposition;

1

2. To the extent not done already, Plaintiffs shall produce all documents contained in Defendant's Google Workspace account that were maintained during the relevant time period during his membership in Future Field Solutions, LLC. Plaintiffs should indicate any documents shared with their prime contractor regarding Plaintiff that are relevant to the lawsuit;

3. Plaintiffs need not produce the communications between Plaintiffs and government agency investigators regarding Defendant, but must produce documents otherwise responsive (if they haven't already) even if such documents were provided to investigators. Stated differently, a document that would otherwise be responsive should not be withheld merely because it was also provided to government investigators;

4. The deposition of Plaintiff Steven Reese shall occur on September 26, 2023; the deposition of Defendant shall occur on September 27, 2023; and the remaining depositions noted in the parties' position letters shall occur September 28–29, 2023;

5. Defendant shall consult with his ESI expert to attempt to adequately access the contested text message data before any requests to compel production of the text message data in a format other than that already provided by Plaintiffs. Moreover, Plaintiff Steven Reese will produce the cellular phone from which the contested text message productions were sourced for Defendant and Defendant's ESI expert to examine during the course of the deposition as needed, to the extent that such information is available. Additionally, if Defense Counsel so requests, Plaintiffs will make resources available at Plaintiffs' counsel's firm or other mutually agreeable location to view the text messages already produced to the extent Defense Counsel continues to have technical difficulties in reviewing them;

6. The parties shall attempt to resolve the dispute regarding the QuickBooks database production (currently password-protected and apparently unavailable to Plaintiffs or Defendants) during the upcoming depositions before seeking further Court intervention on the issue;

7. Plaintiffs' counsel will revisit counsel's prior review of emails produced from the four personal accounts at issue and supplement that production with any additional emails responsive to Defendant's prior discovery requests, subject to any assertions of privilege raised by Plaintiffs which should, in turn, be reflected in Plaintiffs' privilege logs;

8. The Defendant's laptop shall be produced during his above-mentioned deposition to attempt to unlock the data contained therein. If the parties succeed, then they shall attempt to resolve disputes over whether such data is privileged before seeking Court intervention. Further, if upon accessing the data contained therein the Plaintiffs assert that any such data cannot be produced due to a directive of government agency counsel, Plaintiffs shall inform the Court of same, and Plaintiffs' counsel shall inform government agency counsel of the need to formally seek protection from this Court over the production of such information if otherwise relevant to this action; and

9. Plaintiffs shall produce to the expert doing the appraisal of Plaintiffs' business the data such expert requests to perform such an appraisal.

        /s/
J. Mark Coulson
United States Magistrate Judge