**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P: (410) 962-4953 | F: (410) 962-2985
mdd_jmcchambers@mdd.uscourts.gov

November 3, 2023

LETTER ORDER AND OPINION TO COUNSEL

RE:   *Future Field Solutions, LLC, et al., v. Erik Van Norstrand*
      Civil No. 1:23-cv-01301-DKC

Dear Counsel:

Plaintiffs Future Field Solutions, LLC, James C. Brent, Sr., Steven Reese, and Brian Tunson filed the present lawsuit against Defendant Erik Van Norstrand on July 1, 2022, in the Circuit Court for Howard County, Maryland, seeking a declaratory judgment pursuant to Md. Code Ann., Courts & Jud. Proc. Art. § 3-406. (ECF No. 5). Plaintiffs then amended their Complaint on May 1, 2023, before Defendant removed the case to this Court on May 17, 2023. (ECF Nos. 1, 11). Plaintiffs then filed a Second Amended Complaint on June 28, 2023. (ECF No. 34). That same day, United States District Judge Chasanow referred the case to the undersigned for discovery disputes and all related scheduling. (ECF No. 35). The undersigned then issued a Memorandum to Counsel Concerning Discovery outlining the process by which the parties may present discovery disputes for resolution.[1] Such a dispute has arisen, and presently before the Court is Defendant's Objections and Motion to Quash Plaintiffs' Subpoena Duces Tecum to

---

[1] Per the undersigned's Memorandum to Counsel Concerning Discovery, the Court allows parties to follow the following procedures in settling discovery disputes through informal position letters rather than filing formal discovery motions:

> I have implemented the following policy as a substitute for Local Rule 104.8. Accordingly, please do not file any discovery motions until this process has been followed and I advise you that formal briefing is necessary . . . In the event of a disagreement involving discovery, prior to requesting Court intervention, Counsel are to confer with each other and attempt to resolve or narrow the dispute. If issues remain, Counsel may:
>
> 1. File a joint brief letter (not to exceed one page) advising me that you would like me to resolve a discovery dispute and confirming that you have attempted to resolve it on your own and that you have held a Local Rule 104.7 conference. Note: this requirement contemplates a discussion between counsel, not simply an email exchange.
>
> 2. Within [twenty-four] (24) hours of sending the aforementioned letter, counsel involved in the discovery dispute may file and serve on all parties, succinct letters (not to exceed three pages, single spaced) summarizing their respective positions. These should also be emailed to my chambers in addition to being filed on CM-ECF. No reply is to be filed unless requested by the Court . . . .

(ECF No. 36). The Court notes that the parties failed to follow these directives regarding the current discovery dispute, but the Court will address the substance of the motion in the spirit of comity and Fed. R. Civ. P. 1.

MasterPeace Solutions, LTD (the "Motion"). (ECF No. 73). This is the second installment of the motion-to-quash-trilogy recently filed by the parties. *See* (ECF Nos. 72, 73, 79). The Court has considered the Motion, Plaintiffs' Opposition thereto (ECF No. 82), and Defendant's Reply (ECF No. 99). No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion will be **DENIED** as moot.

I. **Relevant Background**

A. **Facts Underlying Plaintiffs' Second Amended Complaint**

The Plaintiffs in this case are Future Field Solutions, LLC (the "Company")—a limited liability company engaged in "certain computer contracting services for agencies of the United States Government tasked with national defense"—and several individuals who work at the Company and collectively own approximately 87.5% of the Company's membership interests. (ECF No. 34 at ¶¶ 2, 9–12).[2] Defendant is a former member of the Company and owned 12.25% of the membership interests in the Company. *Id.* at ¶ 12. Plaintiffs allege that on March 18, 2022, "at a duly conducted meeting of the membership of the Company per its operating agreement, at which Defendant was present, the Member Plaintiffs . . . voted to involuntarily withdraw Defendant from membership in the Company." *Id.* at ¶ 2. Despite Defendant's receipt of notice of the meeting where he was allegedly involuntarily withdrawn, his personal attendance at the meeting, "and his subsequent acknowledgement of his withdrawal and expressed desire to transition out of the Company," Defendant contests that he was ever actually involuntarily withdrawn from the Company. *Id.* at ¶ 3. Plaintiffs' Second Amended Complaint therefore seeks declaratory judgment in their favor that Defendant was, in fact, involuntarily withdrawn from the Company and that Defendant has consequently not been a member of the Company since March 18, 2022. *Id.* at ¶ 4. Plaintiffs alternatively seek judicial dissolution of the company and ask for the appointment of an independent "Trustee in Liquidation" to oversee the Company's dissolution pursuant to Md. Code Ann., Corps. & Ass'ns § 4a-903 if the Court concludes that Defendant is still a member of the Company. *Id.* at ¶ 5. Additionally, Plaintiffs allege that Defendant: (1) misappropriated Company property; (2) wrongfully interfered with several of the Company's contracts and/or business relationships; and (3) violated the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. *Id.* at ¶¶ 4–7.

B. **Facts Underlying the Present Discovery Dispute**

Relevant for purposes of this Motion, Plaintiffs served Defendant on September 20, 2023, with a notice of subpoena (the "Subpoena") addressed to MasterPeace Solutions, LTD ("MasterPeace"), which is Defendant's employer since departing the Company. (ECF No. 73 at p. 1). The Subpoena commands MasterPeace to produce the following:

1. A copy of all documents provided to you by and communications from Erik Van Norstrand, including all resumes or *curriculum vitae*, which contain any representation about his capabilities, experience, and/or education.

---

[2] When the Court cites to a specific page number, paragraph number, or range of page/paragraph numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document and the paragraph numbers therein.

2. A copy of all documents provided to you by and communications from Erik Van Norstrand that contain information and/or representations about Future Field Solutions, LLC, including statements about how long Future Field Solutions, LLC has been in business, the number of its employees, and/or the nature and size of its business and/or earnings.

3. A copy of all correspondence, including emails, letters, and text messages, relating to any solicitation of business or employment made by Erik Van Norstrand to you or to any governmental agency through you.

4. A copy of all correspondence, including emails, letters, and text messages, relating to an offer of employment, offer of contract work, or offer of subcontract work concerning Erik Van Norstrand.

5. A copy of all documents comprising Mr. Van Norstrand's personnel, consultant, and/or subcontractor files.

6. A copy of all offers of employment, contracts, or subcontracts, either proposed or executed, relating to Erik Van Norstrand.

7. Documents sufficient to show the dates that Erik Van Norstrand worked for you or for any prime contractor or governmental agency through you, either as an employee, a contractor, a consultant, or a subcontractor.

8. Documents sufficient to show the job title(s), labor category(ies), billing rate(s), and/or salary rate(s) for any work Mr. Van Norstrand performed for you or for any prime contractor or governmental agency through you, including documents sufficient to show all specific contract requirements of such job title(s) or labor category(ies), including but not limited to, years of experience, degree requirements, and/or specific subject matter experience.

9. A copy of any and all documents and/or correspondence relating to or reflecting Mr. Van Norstrand's performance, including any records of disciplinary proceedings, adverse employment actions, and/or termination.

10. All correspondence between you and Accenture Federal Services, LLC, including any of its employees, affiliates, and/or subsidiaries, as well as any person or entity acting on or purporting to act on Accenture Federal Services, LLC's behalf, relating to Erik Van Norstrand.

(ECF No. 73-1 at pp. 10–11).  Despite Defendant's request for the Subpoena to be withdrawn on September 29, 2023, during the deposition of Plaintiff Brian Tunson, Plaintiffs' Counsel stated that they would take the request under advisement before subsequently serving the Subpoena nine days later.  (ECF No. 73 at p. 4).  Defendant then filed the present Motion.

### II.    Analysis

Defendant argues that the Subpoena should be quashed for two reasons: (1) the requests on their face create an undue burden because they are overbroad, irrelevant, and not reasonably calculated to lead to relevant or other admissible information in this case; and (2) the Subpoena "seeks highly sensitive proprietary and confidential information that is not relevant or related to the existing claims in this case." (ECF No. 73 at pp. 2–3).

#### A.    <u>The Motion Will be Denied as Moot</u>

The Court need not rule on the substantive arguments lodged by Defendant because the Motion is now moot.  In their Opposition, Plaintiffs represent that:

> Plaintiffs anticipate that responsive documents will include [Defendant's] employment and performance related records, which relate to several of Defendant's counterclaims.  Specifically, Defendant has alleged that Plaintiffs defamed him and tortiously interfered with his employment at MasterPeace.
>
> On or around September 27, 2023, the parties came to an agreement that included, in pertinent part, Defendant's agreement to withdraw and dismiss his claims of Defamation (Count XIV) and Tortious Interference with Contracts and Business Expectancies (Count XVI) as pled in Defendant's First Amended Counterclaim and Jury Demand ("Counterclaim") filed on May 23, 2023.
>
> On or around September 29, 2023, Plaintiffs' counsel agreed to withdraw the MasterPeace Subpoena once a withdrawal of the defamation and tortious interference with contracts and business expectancies claims had been filed . . .
>
> Plaintiffs are willing to withdraw the Subpoena after Defendant's withdrawal of the agreed-upon counterclaims has been filed with the Court and communicated this to opposing counsel.

(ECF No. 82 at p. 2).  The parties then entered a Stipulation of Dismissal of Counterclaims Count XIV (Defamation) and XVI (Tortious Interference with Contracts and Business Expectancies) on October 23, 2023.  (ECF No. 88).  Defendant posits that his deadline to object and move to quash the Subpoena was October 4, 2023, and that Defendant filed the Motion to preserve his objections given that the parties were still negotiating the language of the dismissal.  (ECF No. 99 at p. 2).  Regardless, now that Defendant has voluntarily dismissed his counterclaims for defamation and tortious interference with contracts and business expectancies, the Court will **DENY** the Motion as moot and hold Plaintiffs to their word.

### III. Conclusion

For the reasons set forth in this Letter Order and Opinion, Defendant's Motion (ECF No. 73) is **DENIED** as moot.

Notwithstanding its informal nature, this Letter Order and Opinion is considered a formal Order and Opinion of the Court, and the Clerk should docket it as such.

Sincerely yours,

/s/

J. Mark Coulson
United States Magistrate Judge

CC: The Honorable Deborah K. Chasanow