```
        IN THE UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MARYLAND

                                 :
FUTURE FIELD SOLUTIONS, LLC,
et al.                           :

     v.                          :   Civil Action No. DKC 23-1301

                                 :
ERIK VAN NORSTRAND
                                 :
```

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this case involving a limited liability company ("LLC") membership withdrawal dispute are: (1) a motion for leave to file a second amended counterclaim and third party complaint, (ECF No. 39); (2) a consent motion to file preliminary injunction exhibits under seal (ECF No. 40);[1] (3) a motion to file exhibit as placeholder, (ECF No. 41); and (4) a motion for preliminary injunction and request for hearing filed by Defendant Erik Van Norstrand ("Defendant"), (ECF No. 42).[2] The issues have been briefed, and

---

[1] Defendant's consent motion to accept a stipulated protective order was separately granted by Magistrate Judge Coulson. (ECF No. 47).

[2] Also pending are a motion for partial summary judgment filed by Plaintiffs Future Field Solutions, LLC ("Future Field"), Steven Reese ("Mr. Reese"), James C. Brent, Sr. ("Mr. Brent"), and Brian Tunson ("Mr. Tunson") (collectively, "Plaintiffs"), (ECF No. 55); a motion for partial summary judgment filed by Defendant, (ECF No. 107); a motion to file certain attachments and exhibits in support of a motion for partial summary judgment under seal filed by Defendant, (ECF No. 118); a motion to seal certain documents filed with Plaintiffs' response in opposition to Defendant's motion for

the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion for leave to file a second amended counterclaim and third party complaint will be granted; the motion to file preliminary injunction exhibits under seal will be granted in part; the motion to file exhibit as placeholder will be denied; and the motion for preliminary injunction and request for hearing will be denied.

I. **Background**

Plaintiffs commenced this action by filing a complaint in the Circuit Court for Howard County, (ECF No. 5), and Defendant timely removed to this court on May 17, 2023, (ECF No. 1). Plaintiffs filed a second amended complaint on June 28, 2023, (ECF No. 34), which alleges the following facts.

Future Field Solutions, LLC is a government contracting company providing computer services for national defense agencies. (*Id.* ¶ 9). On March 18, 2022, Steven Reese, James C. Brent, Sr., and Brian Tunson, members of Future Field, voted to withdraw Defendant involuntarily as a member of the company pursuant to Future Field's operating agreement (the "Operating Agreement"). (*Id.* ¶¶ 50-52). On March 22, 2022, Defendant's withdrawal was

---

partial summary judgment filed by Plaintiffs, (ECF No. 126); and a motion to file a reply to Plaintiffs' opposition to Defendant's motion for partial summary judgment and accompanying exhibit under seal filed by Defendant, (ECF No. 128). These motions will be resolved in a separate opinion.

2

memorialized in an amendment to the Operating Agreement (the "Amendment"). (ECF No. 34-1, at 21). Defendant disputes his involuntary withdrawal, asserting that the Operating Agreement did not provide any mechanism permitting Mr. Reese, Mr. Brent, and Mr. Tunson to remove him as a member of Future Field without his consent. (ECF No. 34 ¶¶ 58-59).

In the second amended complaint, Plaintiffs seek a declaratory judgment that Defendant was involuntarily withdrawn from Future Field, or alternatively, a judicial dissolution of Future Field. (ECF No. 34). Plaintiffs also seek a declaratory judgment of ownership of company property. (*Id.* ¶¶ 165-172). In addition, Plaintiffs allege the following: (1) intentional interference with a contractual relationship; (2) intentional interference with a business relationship; and (3) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. (ECF No. 34).

Defendant filed a first amended counterclaim and jury demand seeking a declaratory judgment stating that (1) he remains a member of Future Field; and (2) the Amendment is improper and unenforceable under the Operating Agreement. (ECF No. 13, at 26). Defendant also alleges the following counterclaims: (1) breach of contract; (2) breach of duty of loyalty; (3) breach of fiduciary duty; (4) violation of Maryland Wage Payment and Collection Law; (5) accounting; (6) wrongful termination; (7) indemnification; and (8) gross negligence and/or willful misconduct. (ECF No. 13)

Moreover, Defendant also seeks injunctive relief ordering Plaintiffs to restore Defendant's access to a Google Account associated with the email address "erik@futur[e]field solutions.com" that he created in late 2010 or early 2011 (the "Google Account"). (*Id.* ¶¶ 33, 271-75). Defendant alleges that he added email addresses for Mr. Reese and Mr. Brent under the Google Account without authorizing Plaintiffs to access his personal data in the Google Account. (*Id.* ¶¶ 33, 35). As part of Future Field's migration of its data from the Google Account to a Microsoft 365 account, Future Field's access to the Google Account was to terminate on March 25, 2022. (*Id.* ¶ 71). Defendant alleges that in or about October 2022, Plaintiffs wrongfully accessed the Google Account, changed the login credentials, and reviewed Defendant's personal data. (*Id.* ¶¶ 91, 102). In connection with this allegation, Defendant brings claims against Plaintiffs for: (1) violations of the Stored Communications Act, 18 U.S.C. § 2701 *et seq.*; (2) violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 *et seq.*; (3) conversion; (4) invasion of privacy; (5) defamation; (6) fraud; (7) tortious interference with contracts and business expectancies; (8) civil conspiracy; (9) injunctive relief for returned access to Defendant's Google account. (ECF No. 13).[3]

---

[3] On October 23, 2023, the parties filed a stipulation of dismissal with prejudice the claims of defamation and tortious

On July 24, 2023, Defendant filed a motion for leave to file a second amended counterclaim and third party complaint against Periarchon, LLC ("Periarchon"), a government contracting company owned and controlled by Mr. Reese, Mr. Brent, and Mr. Tunson since approximately November 2022.  (ECF No. 39).  On August 7, 2023, Plaintiffs filed an opposition to Defendant's motion for leave to file a second amended counterclaim and third party complaint, (ECF No. 44), and on August 21, 2023, Defendant filed a reply in support of his motion for leave to file a second amended counterclaim and third party complaint, (ECF No. 52).  On July 26, 2023, Defendant filed a consent motion to file preliminary injunction exhibits under seal, (ECF No. 40), a motion to file exhibit as placeholder, (ECF No. 41), and a motion for preliminary injunction and request for hearing, (ECF No. 42).  On August 9, 2023, Plaintiffs filed an opposition to Defendant's motion for preliminary injunction, (ECF No. 45), and on August 23, 2023, Defendant filed a reply in support of his motion for preliminary injunction, (ECF No. 53).

## II.  Motion for Leave to File Second Amended Counterclaim and Third Party Complaint

Defendant moves for leave to file a second amended counterclaim and third party complaint against Periarchon.  (ECF

---

interference with contracts and business expectancies in Defendant's first amended counterclaim. (ECF No. 88). The court assumes the dismissal will apply to the second amended counterclaim as well and the stipulation of dismissal will be approved.

5

No. 39). First, Defendant seeks to add allegations to his claims against Mr. Reese, Mr. Brent, and Mr. Tunson for breach of duty of loyalty and breach of fiduciary duty to Defendant and Future Field under the Operating Agreement. (*See* ECF No. 39-1 ¶¶ 182(h), 191). Specifically, Defendant alleges that Mr. Reese, Mr. Brent, and Mr. Tunson violated "[t]he duty to not compete, carry on, or participate in, a similar business to the business of [Future Field], within market regions that were established or contemplated by [Future Field][,]" in addition to "diverting [Future Field] assets and resources into . . . Periarchon, in wrongful competition with [Future Field]." (*Id.*). Second, Defendant requests a declaratory judgment that Periarchon functions as Future Field's alter ego, seeks accounting, and alleges tortious interference with contracts and business expectancies against Periarchon. (*Id.* ¶¶ 153-169, 199-219, 282-307). Plaintiffs urge the court to deny Defendant's motion on the basis that the proposed amendment and addition of Periarchon as a third party defendant would be (1) futile because Defendant has not suffered an injury-in-fact necessary to establish standing; and (2) prejudicial to Plaintiffs because it would require additional expensive discovery and force Plaintiffs to defend against new claims that Plaintiff lacks standing to bring. (ECF No. 44, at 5, 9).

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend a pleading "shall be freely given when justice so requires."  "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).  A proposed amendment is futile when it is "clearly insufficient or frivolous on its face[,]" *Johnson*, 785 F.2d at 510, or if the claim it presents would not survive a motion to dismiss.  *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).  "[A] district court may also deny leave to amend as futile where the proposed amended complaint fails for lack of standing."  *Evans v. Am. Collection Enter.*, 624 F.Supp.3d 593, 598 (D.Md. 2022) (citing *Laufer v. Naranda Hotels, LLC*, Civ. No. 20-cv-1974-SAG, 2020 WL 7384726, at *3 (D.Md. Dec. 16, 2020), *vacated and remanded on different grounds*, 60 F.4th 156 (4th Cir. 2023); *South Carolina Coastal Conservation League v. U.S. Army Corps of Engineers*, 789 F.3d 475, 484 (4th Cir. 2015)).  "Whether an amendment is prejudicial will often be determined by the nature of the amendment and its timing."  *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006).  An amendment is prejudicial if it raises a new legal theory requiring a gathering and analysis of facts not already considered by the defendant and is offered shortly before or during trial.  *Id.*  In contrast, a non-prejudicial amendment

7

merely adds an additional theory of recovery to already pleaded facts and is offered before any discovery has occurred.  *Id.*  Nevertheless, amplifying a previously alleged claim via additional facts, where a discovery deadline is extendable in light of a trial date scheduled many months away, does not result in prejudice to the opposing party.  *Robinson v. GEO Licensing Co.*, 173 F.Supp.2d 419, 425–26 (D.Md. 2001).  "'[T]he time, effort, and money . . . expended in litigating [a] case' do not constitute 'substantial prejudice' weighing against leave to amend."  *Best v. Newrez LLC*, No. 19-cv-2331-GJH, 2020 WL 5513433, at *8 (D.Md. Sept. 11, 2020) (quoting *Class Produce Group, LLC v. Harleysville Worcester Ins. Co.*, No. 16-cv-3431-ELH, 2017 WL 2377105, at *9 (D.Md. May 31, 2017)).  A motion to amend, however, may prejudice the opposing party if the motion would shift the theory of the case and render prior discovery a misdirected use of resources.  *Sharkey IRO/IRA v. Franklin Res.*, 263 F.R.D. 298, 301 (D.Md. 2009).

Rule 14(a)(1) of the Federal Rules of Civil Procedure provides that a defendant may implead a third party "who is or may be liable to [the defendant] for all or part of the claim against [the defendant]."  District courts have broad discretion to grant or deny a motion under Rule 14.  *Noland Co. v. Graver Tank & Mfg. Co.*, 301 F.2d 43, 50 (4th Cir. 1962).  As explained in *Certain Underwriters at Lloyd's, London v. R.J. Wilson & Assocs., Ltd.*,

8

Civil No. 11-cv-1809-CCB, 2012 WL 2945489, at *3 (D.Md. July 17, 2012):

> "Impleader [under Rule 14] will be liberally allowed, if it will prevent duplication of suits based on closely related matters." *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D.Va . 2003) (citing *Noland Co.*, 301 F.2d at 50). However, impleader may be denied where joining the third party "will introduce unrelated issues and unduly complicate the original suit" or "might prejudice the original plaintiff or the third-party defendant." *Id.*

Moreover, impleader may be denied if it would result in undue delay, *see DTM Rsch., L.L.C. v. AT & T Corp.*, 179 F.R.D. 161, 162 (D.Md. 1998) (citing *Hicks v. Long Island Railroad*, 165 F.R.D. 377, 379-80 (E.D.N.Y. 1996)), or if a party lacks standing to implead the third party, *Millers Cap. Ins., Co. v. Hydrofarm, Inc.*, 340 F.R.D. 198, 211 (D.D.C. 2022) (citing *Plain Bay Sales, LLC v. Gallaher*, No. 9:18-CV-80581, 2019 WL 6206836, at *3 (S.D.Fla. Nov. 21, 2019). "Rule 14 is merely a procedural device; it does not provide jurisdiction where such would otherwise not exist." *Horton v. Baldwin*, 713 F.Supp. 508, 510 n.2 (D.D.C. 1989).

Article III of the Constitution limits the jurisdiction of federal courts to "Cases" and "Controversies." U.S. Const. art. III, § 2. To establish standing, a party bears the burden of alleging: (1) an injury-in-fact that is concrete, particularized, and actual or imminent; (2) a sufficient causal connection between the injury and the conduct complained of; and (3) a likelihood

9

that the injury will be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). A concrete injury is "'real,' and not 'abstract.'" *Spokeo, Inc. v. Robins*, 136 S.Ct 1540, 1548 (2016). "At the pleading stage, general factual allegations of injury resulting from the defendant's conduct[,] [accepted as true,] may suffice [to establish standing][.]" *Beck v. McDonald*, 848 F.3d 262, 270 (4th Cir. 2017) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).

First, Plaintiffs contend that Defendant cannot establish an injury-in-fact because "[Defendant] does not have a legally protected interest in preventing Periarchon from competing with [Future Field] or enforcing the Operating Agreement" against Mr. Reese, Mr. Brent, and Mr. Tunson as a result of his involuntary withdrawal from Future Field in March 2022. (*Id.* at 5-6). Defendant counters that he can establish an injury-in-fact because he has "sufficiently alleged that he has suffered actual harm as a Member, or even as a withdrawn member, to his rights, because Individual Plaintiffs violated the Operating Agreement . . . as well as wasting assets and destroying the value of [Future Field] by competing with it through Periarchon." (ECF No. 52, at 5-6).

In the proposed second amended counterclaim and third party complaint, Defendant alleges that Mr. Brent, Mr. Reese, and Mr. Tunson improperly removed him as a member of Future Field in violation of the Operating Agreement. (ECF No. 39-1 ¶ 2).

10

Defendant also alleges that after taking control over Periarchon, Mr. Brent, Mr. Reese, and Mr. Tunson are fraudulently diverting Future Field's business to Periarchon's wrongful benefit, in violation of the Operating Agreement and their fiduciary duties toward Future Field and Defendant–"depleting [Future Field]'s business" as a result. (*See id.* ¶¶ 141, 148-49, 299-306). Hence, Defendant has alleged sufficiently a concrete and non-conjectural injury-in-fact to his legally protected interests–namely, harm to the fiduciary duty and duty of loyalty owed to him, accounting violations, and tortious interference with contracts and business expectancies. In support of their argument that Defendant lacks standing, Plaintiffs singularly contend that Defendant was properly withdrawn from Future Field in March 2022. (ECF No. 44 at 6-9). As Defendant states, Plaintiffs overlook the fact that at this stage, the court must construe the allegations in Defendant's proposed amendment as true when determining whether Defendant has standing to bring the additional allegations. (ECF No. 52, at 3-4). Moreover, the court's futility assessment does not include an evaluation of the underlying merits of this dispute–namely, whether Defendant was properly withdrawn from Future Field. *See Havtech, LLC v. Tobey-Karg Sales Agency, Inc.*, No. 22-cv-1051-CCB, 2023 WL 5671605, at *2 (D.Md. Sept. 1, 2023) (quoting *Kolb v. ACRA Control, Ltd.*, 21 F.Supp.3d 515, 522 (D.Md. 2014)) ("Futility 'does not involve "an evaluation of the underlying

11

merits of the case."'"). Thus, the motion for leave to file a second amended counterclaim and third party complaint will not be denied on the basis that Defendant lacks standing.

Second, Plaintiffs argue that Defendant's proposed second amended counterclaim and third party complaint is prejudicial because (1) the parties have already exchanged significant discovery; and (2) "adding Periarchon as a third-party defendant at this juncture would force [Plaintiffs] to engage in additional expensive discovery on behalf of themselves and Periarchon and would force [Plaintiffs] to defend against a slew of new claims for which [Defendant] does not even have standing to bring." (ECF No. 44, at 9). In response, Defendant contends that the proposed amendment "is not unduly prejudicial, because it is not presenting new legal theories right on the eve [of] trial, since there is no trial date[,] and discovery is still not complete." (ECF No. 52, at 6).

Here, Defendant timely requested leave to file a second amended counterclaim and third party complaint when no trial date has been set. In his first amended counterclaim, Defendant alleged that Mr. Reese, Mr. Brent, and Mr. Tunson breached their duty of loyalty and fiduciary duty to Defendant and Future Field under the Operating Agreement. (ECF No. 13 ¶¶ 157-170). Defendant's proposed second amended counterclaim and third party complaint do not raise any new claims or shift the theory of the case. Rather,

12

Defendant's proposed second amended counterclaim and third party complaint merely amplify his prior claims with additional allegations that Mr. Reese, Mr. Brent, and Mr. Tunson diverted Future Field's assets and resources into Periarchon, in wrongful competition with Future Field. (*See* ECF No. 39-1 ¶¶ 182(h), 191, 299-306). Because Defendant's proposed second amended counterclaim and third party complaint requires additional discovery that overlaps with and builds upon, without rendering moot, prior discovery, extra expenses arising from consequential discovery do not result in undue prejudice to Plaintiffs. Impleading Periarchon will increase efficiency and reduce complication. Therefore, Defendant's motion for leave to file a second amended counterclaim and third party complaint will be granted.

**III. Motion for Preliminary Injunction**

Defendant seeks a preliminary injunction to (1) "enjoin[] Plaintiffs from further . . . accessing or publicizing [Defendant]'s personal Google account[;]" (2) require Plaintiffs to "turn the [Google] account back over to [Defendant]'s sole control[;]" (3) require Plaintiffs to "provid[e] an accounting of any information or document that Plaintiffs copied, printed, published, deleted, moved, or otherwise altered[;]" and (4) "preclud[e] Plaintiffs from storing, using, or otherwise

13

disclosing any further any of [Defendant]'s personal information obtained from his personal Google account[.]"  (ECF No. 42, at 2).

A preliminary injunction is an extraordinary remedy and will only be granted if Plaintiff clearly "establish[es] that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest."  *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  To merit the award of a preliminary injunction in his favor, Plaintiff must establish, first, that he is suffering actual and imminent harm, not just the "mere possibility" of harm in the future, and second, that the "harm is truly irreparable," meaning that it cannot be remedied at a later time with money damages.  *Torres v. Advanced Enter. Solutions LLC v. Mid-Atl. Prof'ls Inc.*, No. 12-cv-3679-PWG, 2013 WL 531215, at *4 (D.Md. Feb. 8, 2013) (citing *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)); *see also Sterling Commercial Credit-Mich., LLC v. Phoenix Indus. I, LLC*, 762 F.Supp.2d 8, 14-15 (D.D.C. 2011) ("First, the injury must be both certain and great; it must be actual and not theoretical . . . Second, the injury must be beyond remediation.").

Defendant contends that without a preliminary injunction, he will suffer irreparable harm because Plaintiffs "currently maintain control of [the Google Account] and are likely to continue

14

mining [Defendant's] sensitive information[,]" such as Defendant's "private and confidential conversations with his doctors, wife, and attorneys." (ECF No. 42-1, at 15). Since the filing of the motion for preliminary injunction, Magistrate Judge Coulson has ordered that

> Plaintiffs shall provide Defendant with all personal documents and/or information stored or otherwise contained within the erik@futurefieldsolutions.com account by transferring such information to another Google account which Defendant may access, or by providing Defendant with such information by another method which includes all relevant documents, photos, and videos stored on the account in relation to that information. Further, Plaintiffs shall not improperly transfer or otherwise copy, print, publish, delete, move, destroy, alter, or withhold such information without running the risk that such conduct will result in appropriate sanctions.

(ECF No. 98, at 7). Given that Plaintiffs have been ordered to provide Defendant with his personal information contained in the Google Account at the risk of potential sanctions if they "improperly transfer or otherwise copy, print, publish, delete, move, destroy, alter, or withhold" that information, (*id.*), the risk that Plaintiffs will "mine" Defendant's personal information in the Google Account remains no more than mere speculation. Because Plaintiff's motion for a preliminary injunction fails to demonstrate a likelihood of irreparable harm, the other three preliminary injunction requirements need not be examined, and Plaintiff's motion will be denied. *See Real Truth About Obama,*

15

*Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 347 (4th Cir. 2009) ("*Winter* articulates four requirements [for a successful motion for preliminary injunction], each of which must be satisfied as articulated[.]").

### IV.  Motion to File Preliminary Injunction Exhibits Under Seal

Defendant moved to file Exhibits 2, 3, 4, and 7 to his motion for preliminary injunction under seal:  Exhibit 2 is comprised of communications with counsel in February and March 2023; Exhibit 3 is a Future Field Solutions LLC Employee Handbook; Exhibit 4 is Lockheed Martin's Investigation Debrief; and Exhibit 7 is a metadata spreadsheet containing information provided by Plaintiffs in discovery.[4]  Defendant's motion is unopposed.

According to Local Rule 105.11,

> Any motion seeking the sealing of pleadings, motions, exhibits or other papers to be filed in the Court record shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protections.

There is a well-established common law right to inspect and copy judicial records and documents.  *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  If the public's right of access

---

[4] Plaintiff also filed Exhibit 1 to his reply in support of his motion for preliminary injunction under seal.  If Plaintiff fails to file a motion to seal comporting with Local Rule 105.11 within fourteen (14) days of this memorandum opinion and order, Exhibit 1 will be ordered unsealed at that time.

16

is outweighed by competing interests, however, the trial court may, in its discretion, seal those documents from the public's view. *See In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984).

First, Defendant contends that sealing these exhibits is appropriate because the documents contain Future Field's proprietary business information, "which, if disclosed publicly, could potentially cause significant competitive harm to Plaintiffs and [Defendant]." (ECF No. 40 ¶ 6). Second, Defendant asserts that these exhibits contain "details of corporate strategies and contractual arrangements that, if exposed, may result in a substantial disadvantage for Plaintiffs and [Defendant] in the competitive market. (*Id.*). Third, Defendant argues that these exhibits "contain personal information pertaining to [Defendant], including medical history, contents of spousal communications, and the contents of attorney-client privileged emails, which warrant additional protection. (*Id.*). Defendant argues that alternatives to sealing are not suitable because the information in the documents must be reviewed as a whole to provide proper context. (*Id.* ¶ 7). Given that the Future Field Solutions LLC Employee Handbook, has already been filed publicly as Exhibit 4 to Plaintiffs' opposition to Defendant's motion for preliminary injunction, (ECF No. 45-4), Defendant's motion to file preliminary injunction exhibits under seal will not be granted with respect to

17

Exhibit 3. Defendant's motion to file preliminary injunction exhibits under seal will be granted with respect to Exhibits 2, 4, and 7 because it is unopposed and supported by adequate justification.

## V.   Motion to File Exhibit as Placeholder

Defendant requests that the court accept a placeholder in PDF format for Exhibit 7 to his motion for preliminary injunction, as well as a corresponding Sharefile link to Exhibit 7 via email, because Exhibit 7 consists of a metadata spreadsheet that is not legible in PDF format. (ECF No. 41 ¶ 6). The Electronic Case Filing Procedures state that "a party must seek leave of court to permit the non-electronic filing of exhibits that are not convertible to PDF format and must be filed on a CD or other physical medium."[5] The Sharefile link is not a physical medium. While Defendant has provided the court with a CD containing Exhibit 7, Defendant should file a new motion to file exhibit as placeholder that corresponds with a request to file Exhibit 7 in

---

[5] *Physical Exhibits*, Electronic Case Filing General Procedures, https://www.mdd.uscourts.gov/content/physical-exhibits.

CD format.  Accordingly, Defendant's motion to file exhibit as placeholder will not be granted.

## VI. Conclusion

For the foregoing reasons, the motion for leave to file a second amended counterclaim and third party complaint will be granted; the motion to file preliminary injunction exhibits under seal will be granted in part; the motion to file exhibit as placeholder will be denied; and the motion for preliminary injunction and request for hearing will be denied.  A separate order will follow.

             /s/
DEBORAH K. CHASANOW
United States District Judge