```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| FUTURE FIELD SOLUTIONS, LLC, et al. | : |
| v. | : Civil Action No. DKC 23-1301 |
| ERIK VAN NORSTRAND | : |

**MEMORANDUM OPINION**

Plaintiffs filed a Motion for Entry of Final Judgment on Count I of their Complaint and for a Stay Pending Appeal. (ECF No. 150). For the following reasons, the Motion will be denied.

**I.   Background**

The factual backdrop and procedural history of this dispute among members of a limited liability company are set forth in the Opinion resolving cross-motions for partial summary judgment, (ECF No. 145), and need not be repeated here.

Count I of Plaintiffs' Complaint sought a declaration that Erik Van Norstrand ("Mr. Van Norstrand") had been involuntarily withdrawn from Future Field Solutions, LLC. In the Memorandum Opinion and Order entered August 2, 2024, the court granted summary judgment to Defendant on Count I and declared that Mr. Van Norstrand had been improperly withdrawn from membership in Future Field Solutions, LLC. (ECF No. 146). A number of other claims are affected by that determination, but not completely resolved.

As earlier acknowledged by Plaintiffs, (ECF No. 139, at 7-8) Counterclaim II, which asserts breach of the operating agreement by involuntarily withdrawing Mr. Van Norstrand; Counterclaim III, alleging breach of duty of loyalty; Counterclaim IV, alleging breach of fiduciary duty; Counterclaim V, alleging violation of Maryland Wage Payment and Collection Law; Counterclaim VI, seeking an accounting; Counterclaim VII, asserting wrongful termination Counterclaim VIII, seeking indemnification, Counterclaim IX, alleging gross negligence and/or willful misconduct, and Counterclaim XIV, alleging defamation, may turn, at least in part, on the membership question.  All of them remain pending.  The Third-party Complaint against PeriArchon also remains pending and the claims are not completely resolved by the ruling on membership.

**II.  Standard of Review**

> Rule 54(b) permits a district court to enter final judgment as to one or more but fewer than all claims in a multiclaim action, thus allowing an appeal on fewer than all claims in a multiclaim action.[] The chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit. The Rule also allows the district court to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims.
>
> Rule 54(b) certification is recognized as the exception rather than the norm.  It should neither be granted routinely, *Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 10, 100 S.Ct. 1460, 1466, 64 L.Ed.2d 1 (1980), nor

2

>
> as an accommodation to counsel. *Corrosioneering v. Thyssen Environmental Systems*, 807 F.2d 1279, 1282 (6th Cir. 1986) (citations omitted). As Judge (now Justice) Kennedy observed:
>
>> Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties.
>
> *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification. *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975) (footnote omitted).

*Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993).

> The tack which the district court must follow to effectuate a Rule 54(b) certification involves two steps. *Curtis-Wright*, 446 U.S. at 7-8, 100 S.Ct. at 1464-65. First, the district court must determine whether the judgment is final. *Id.* at 7, 100 S.Ct. at 1464. The Court in *Curtis-Wright* stated that a judgment "must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Id.* (quoting *Sears, Roebuck & Co.*, 351 U.S. at 436, 76 S.Ct. at 900). Second, the district court must determine whether there is no just reason for the delay in the entry of judgment. *Curtis-Wright*, 446 U.S. at 8, 100 S.Ct. at 1465.

*Braswell Shipyards*, 2 F.3d at 1335.

**III. Analysis**

    **A.   Final Judgment**

While the ruling on the cross motions for summary judgment resolved Count I, it did not completely resolve the controversy surrounding the involuntary withdrawal of Mr. Van Norstrum from membership. Thus, it is not a final decision as that term envisions:

> The United States Supreme Court long-ago clarified that "a 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945); see *Hixson v. Moran*, 1 F.4th 297, 301 (4th Cir. 2021) (same). We have further clarified that a district court order that dismisses all claims of a complaint, with respect to all parties, is presumptively a final decision, regardless of whether it is with or without prejudice. See *Porter v. Zook*, 803 F.3d 694, 696 (4th Cir. 2015)(clarifying that "a district court order is not final until it has resolved all claims as to all parties") (internal quotation marks omitted). Accordingly, a final judgment is certifiable under Rule 54(b) and appealable under § 1291 if the judgment is "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the court of a multiple claims action.'" See *MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (quoting *Curtiss-Wright Corp.*, 446 U.S. at 7, 100 S.Ct. 1460).

*Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022). Moreover,

> The Supreme Court has also clarified that grants of partial judgment that establish

4

> liability are only interlocutory. *See* Fed. R. Civ. P. 56(c). Also, "where assessment of damages or awarding of other relief remains to be resolved," such partial judgments are not "considered to be 'final.'" *Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). Indeed, on the question of whether an order is final, "[t]he label that a district court attaches to an order it issues does not control." *Id.*; *Calderon v. GEICO Gen. Ins. Co.*, 754 F.3d 201, 204 (4th Cir. 2014) (holding that "a judgment on liability that does not fix damages is not a final judgment because the assessment of damages is part of the merits of the claim that must be determined").

*Kinsale Ins. Co.*, 31 F.4th at 873-74. For that reason alone, certification may be denied.

    **B.   No Just Reason for Delay**

The second prong concerns whether there is no just reason for delay:

> In determining whether there is no just reason for the delay in the entry of judgment, the district court is instructed to conduct a "case-specific" inquiry, keeping in mind that this inquiry is "tilted from the start against [the] fragmentation of appeals." *Braswell*, 2 F. 3d at 1335 (quoting *Spiegel v. Trs. of Tufts Coll.*, 843 F.2d 38, 43 (1st Cir. 1988)). To guide the district court's case specific inquiry, it must consider the following factors:
>     (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the

5

> judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.
>
> *Braswell*, 2 F.3d at 1335–36 (footnotes omitted) (deriving the factors from *Allis-Chalmers Corp. v. Phila. Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975) (stating that the factors are not all inclusive)). We have instructed that "[w]here the district court is persuaded that Rule 54(b) certification is appropriate, the district court should state those findings on the record or in its order." *Braswell*, 2 F.3d at 1336. Accordingly, if the district court's "Rule 54(b) certification is devoid of findings or reasoning in support thereof, the deference normally accorded such a certification is nullified." *Braswell*, 2 F.3d at 1336; *see also Para-Chem S., Inc. v. Lowenstein Corp.*, 715 F.2d 128, 133 (4th Cir. 1983).

*Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 874 (4th Cir. 2022).

The unresolved claims are not unrelated to the adjudicated claim, although the need for review likely will not be mooted by future events. The unadjudicated claims themselves could later be appealed and present the same question again, particularly if PeriArchon seeks to litigate anew. There is no monetary judgment attached to the declaration that has been made, but the unresolved portions of claims certainly raise monetary issues. Finally, while the court understands the desire to appeal the decision on membership, allowing that to occur before the remaining issues are resolved will not hasten the eventual end to litigation.

6

**IV.  Conclusion**

The Motion to Certify will be denied.  The Request for a Stay is moot. A separate order will be entered.

                                                      /s/
                                  DEBORAH K. CHASANOW
                                  United States District Judge