IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FUTURE FIELD SOLUTIONS, LLC,
et al.

    v.                            :   Civil Action No. DKC 23-1301

ERIK VAN NORSTRAND

**MEMORANDUM OPINION**

Defendant Erik Van Norstrand ("Mr. Van Norstrand") filed a Renewed Motion to File Under Seal attachments and exhibits in this matter.  (ECF No. 152).[1]  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the Motion will be granted.  In addition, the status of other documents will be clarified and many of them unsealed.

## I.   Background

The factual backdrop and procedural history of this dispute among members of a limited liability company are set forth in the Opinion resolving cross-motions for partial summary judgment, (ECF No. 145) and need not be repeated here.

In the Memorandum Opinion and Order entered August 2, 2024, the court denied the parties' motions to seal (ECF Nos. 118; 126; 128; 136) and gave the parties fourteen days to renew their

---

[1] Mr. Van Norstrand's request for more time to renew (ECF No. 149) is reasonable and will be granted.

motions.  (ECF No. 146).  The court filed the Memorandum Opinion
under seal, providing the parties with fourteen days to seek to
seal or redact any portion of the opinion.  (ECF No. 146).  Mr.
Van Norstrand filed the pending motion in response to the court's
order.  Neither party filed a motion to seal or redact any portion
of the August 2, 2024 Memorandum Opinion, so it will be unsealed.
Plaintiffs did not file any renewed motion to seal or redact.
Furthermore, documents were filed under seal earlier in the
proceeding but no motions to seal were filed.

## II.  Standard of Review

The Fourth Circuit has reminded us that:

> It is well settled that the public and
> press have a qualified right of access to
> judicial documents and records filed in civil
> and criminal proceedings.  *See Richmond*
> *Newspapers, Inc. v. Virginia*, 448 U.S. 555,
> 580 n.17, 100 S.Ct. 2814, 65 L.Ed.2d 973
> (1980); *Nixon v. Warner Communications, Inc.*,
> 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d
> 570 (1978); *Media Gen. Operations, Inc. v.*
> *Buchanan*, 417 F.3d 424, 428 (4th Cir. 2005).
> The right of public access springs from the
> First Amendment and the common-law tradition
> that court proceedings are presumptively open
> to public scrutiny.  *Va. Dep't of State Police*
> *v. Wash. Post*, 386 F.3d 567, 575 (4th Cir.
> 2004).  "The distinction between the rights of
> access afforded by the common law and the
> First Amendment is significant, because the
> common law does not afford as much substantive
> protection to the interests of the press and
> the public as does the First Amendment."  *In*
> *re United States for an Order Pursuant to 18*
> *U.S.C. Section 2703*, 707 F.3d 283, 290 (4th
> Cir. 2013) (quoting *Va. Dep't of State Police*,
> 386 F.3d at 575) (internal quotation marks

omitted).  The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that "countervailing interests heavily outweigh the public interests in access." *Rushford* [*v. New Yorker Mag., Inc.*], 846 F.2d [249,] 253 [(4th Cir. 1998)].  By contrast, the First Amendment secures a right of access "only to particular judicial records and documents," *Stone* [*v. Univ. of Md. Med. Sys. Corp.*], 855 F.2d [178,] 180 [(4th Cir. 1998)], and, when it applies, access may be restricted only if closure is "necessitated by a compelling government interest" and the denial of access is "narrowly tailored to serve that interest," *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986) (quoting *Press-Enter. Co. v. Superior Court*, 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984) (internal quotation marks omitted)).

*Doe v. Pub. Citizen*, 749 F.3d 246, 265-66 (4th Cir. 2014).  The *Public Citizen* court further explained that:

When presented with a motion to seal, the law in this Circuit requires a judicial officer to comply with the following procedural requirements:  (1) provide public notice of the sealing request and a reasonable opportunity for the public to voice objections to the motion; (2) consider less drastic alternatives to closure; and (3) if it determines that full access is not necessary, it must state its reasons—with specific findings—supporting closure and its rejections of less drastic alternatives.

*Id.* at 272 (citing *In re Knight Pub. Co.*, 743 F.2d 231, 234-35 (4th Cir. 1984)); *see also Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000).  Additionally, Local Rule 105.11 requires the party seeking sealing to provide "(a) proposed reasons supported by specific factual representations to justify the sealing and (b)

3

an explanation why alternatives to sealing would not provide sufficient protection."

## III. Analysis

### A. Exhibit 3 to Defendant's Opposition to Plaintiff's Motion or Partial Summary Judgment

Mr. Van Norstrand has provided specific factual representations to justify the sealing of Exhibit 3 to his Opposition to Plaintiffs' Motion for Partial Summary Judgment. (ECF No. 68). Mr. Van Norstrand notes that the exhibit contains private information relating to Future Field Solutions' security clearance. Allowing public access could disclose confidential government information provided to Future Field Solutions. Mr. Van Norstrand has shown that no alternative to sealing would provide sufficient protection. Redacting the exhibit would not provide sufficient protection because, as Mr. Van Norstrand explains, the entirety of the exhibit discusses Future Field Solutions' clearance. Thus, Mr. Van Norstrand has met his burden to justify sealing this exhibit.

### B. Exhibit 9 to Defendant's Motion for Partial Summary Judgment

Mr. Van Norstrand also seeks to seal Exhibit 9 to his Motion for Partial Summary Judgment (ECF No. 113) and has provided specific factual representations to justify sealing the exhibit. (ECF No. 152). Mr. Van Norstrand notes that, similarly, Exhibit 9 discusses Future Field Solutions' security clearance status.

4

Accordingly, Exhibit 9 to his Motion for Partial Summary Judgment will be sealed.

**C. Redacted Documents**

Finally, Mr. Van Norstrand seeks to substitute redacted versions of the following:

(1)   Exhibit 1 to Defendant's Reply in Support of his Motion for Preliminary Injunction (ECF No. 54);

(2)   The remaining portions of Defendant's Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 68);

(3)   Defendant's Supplemental Opposition to Plaintiffs' Motion for Partial Summary Judgment (ECF No. 80);

(4)   Defendant's Statement of Undisputed Material Facts (ECF No. 108);

(5)   Defendant's Motion for Partial Summary Judgment (ECF No. 109);

(6)   Exhibit 2 to Defendant's Motion for Partial Summary Judgment (ECF No. 110);

(7)   Exhibit 3 to Defendant's Motion for Partial Summary Judgment (ECF No. 111);

(8)   Exhibit 7 to Defendant's Motion for Partial Summary Judgment (ECF No. 112);

(9)   Exhibit 12 to Defendant's Motion for Partial Summary Judgment (ECF No. 115);

(10) Exhibit 13 to Defendant's Motion for Partial Summary Judgment (ECF No. 116);

(11) Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment (ECF No. 129); and

(12) Exhibit 1 to Defendant's Reply to Plaintiffs' Opposition to Defendant's Motion for Partial Summary Judgment (ECF No. 129-1).

Mr. Van Norstrand avers that the information he seeks to redact consists of "confidential, non-public business information, financial information, and information regarding the performance of government activities." (ECF No. 152, at 6). The redactions proposed by Mr. Van Norstrand are minimal and narrowly tailored to protect the confidential information the documents contain. Accordingly, Mr. Van Norstrand's request to file publicly the redacted versions of ECF No. 54, ECF No. 68 (excluding Exhibit 3), ECF No. 80, ECF No. 108, ECF No. 109, ECF No. 110, ECF No. 111, ECF No. 112, ECF No. 115, ECF No. 116, ECF No. 129, and ECF No. 129-1, will be granted, and the originals can remain sealed.

**D. Documents to be Unsealed**

**1. The court's Memorandum Opinion**

The court initially filed the August 2, 2024 Memorandum Opinion (ECF No. 145) under seal and provided the parties fourteen days to seek to seal, or redact, any portion of the Opinion or to

renew any motions to seal.  (ECF No. 146).  As noted at the outset, no party seeks to have any portion of that memorandum opinion redacted from the publicly filed version.  Accordingly, the entire Opinion will be unsealed.

### 2. Plaintiffs' papers

Plaintiffs did not renew their motions to seal ECF Nos. 122, 123, 124, or 125, although one of the exhibits is the same as one filed by Mr. Van Norstrand.[2]

Because no renewed motion to seal was filed, the clerk will be directed to unseal Plaintiffs' Response to Defendant's Statement of Undisputed Material Facts, and exhibits 9 and 18 attached thereto.[3]  (ECF Nos. 122; 124; 125).

### 3. Additional Documents

The parties filed many documents under seal in connection with discovery disputes—but no motions to seal were filed.  Some of the disputes became moot and others were resolved by Judge Coulson.  The documents that are currently under seal without justification are ECF Nos. 75, 76, and 92.  Unless motions to

---

[2] The deposition transcript of James C. Brent (ECF No. 123) is included in Mr. Van Nordstrand's motion (ECF No. 152-3).

[3] Mr. Van Norstrand did not renew his motions to seal ECF Nos. 114 or 127.  ECF Nos. 114 and 127 are both notices of documents filed under seal elsewhere.  The clerk will be directed to mark ECF Nos. 114 and 127 as filed in error.

withdraw or to seal are filed within five days, those documents will be unsealed.

**IV.  Conclusion**

For the foregoing reasons, Mr. Van Norstrand's Motion to File Under Seal Certain Attachments and Exhibits will be granted, the court's August 2, 2024, Memorandum Opinion and identified documents will be unsealed, and the parties will have five days to move to withdraw or seal the documents under seal without justification.  A separate order will follow.

> /s/
> _____
> DEBORAH K. CHASANOW
> United States District Judge