IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**Future Field Solutions, LLC et al.,**   *

  **Plaintiffs**   *

  vs.   Case No.   1:23-cv-01301-DKC
  *

**Erik Van Norstrand,**
  *
  **Defendant**
  ******

## SUMMARY OPINION AND ORDER REGARDING DISCOVERY

The undersigned has this case on referral from Judge Chasanow for discovery and related scheduling.  (ECF No. 35).  On October 7, 2024, Defendant/Counter-Plaintiff[1] alerted the Court to a discovery issue.  (ECF No. 160).  The parties submitted their respective positions on October 11, 2024, pursuant to the Court's discovery management order.  (ECF Nos. 168 and 169).  In short, Defendant sought a supplementation of Plaintiff, Future Field Solutions' ("FFS") previous discovery responses.  Plaintiffs raised additional matters in their submission, including whether the previously-scheduled settlement conference should go forward and to what extent discovery should be re-opened to accommodate the addition of PeriArchon as a party. The Court held a hearing on this matter on October 22, 2024, making several determinations on the record.  These are summarized below.

First, Plaintiff FFS is ordered to supplement its previous document production for any documents not previously produced as to each of the categories requested in Defendant's

---

[1] Defendant/Counter-Plaintiff is also identified as "Third-Party Plaintiff" in pleadings, pursuant to Fed.R.Civ.Proc. 14(a).  However, adding a party via Rule 14 is limited to instances of derivative liability, *i.e.*, claims that a non-party shares in whole or in part in any liability an original defendant has to a plaintiff.  In this case, the added third party, PeriArchon, is actually a Counter-Co-Defendant, *i.e.* one whom Counter-Plaintiff Norstrand alleges is liable along with the named counter-defendants.  Therefore, PeriArchon, should have been joined through Fed.R.Civ.Proc. 13(h), not 14(a).  Given that the parties are treating PeriArchon in the functional capacity of Counter-Co-Defendant, the Court will ignore this procedural misnomer.

position letter by November 8, 2024. Second, discovery is reopened until January 31, 2025, to allow the parties to gather information relevant to allegations concerning FFS and/or its principals diverting or transferring contracts, business opportunities, assets, etc. to the newly added PeriArchon. The Court emphasized that, other than the required supplementation of previous discovery responses (including those referenced above), the additional discovery period was limited in scope as described above and was not an opportunity to revisit or re-open previous discovery. Finally, the parties inquired into whether the scheduled settlement conference before Magistrate Judge Austin was going forward in December. The Court instructed the parties to follow up with Judge Austin regarding any changes to the settlement conference date.

\_10/23/2024_____    _____
Date                                         J. Mark Coulson
                                             United States Magistrate Judge