IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **Future Field Solutions, LLC**, et al., | * | |
| *Plaintiffs/Counter-Defendants*, | * | |
| v. | * | **Civil Case No. 1:23-cv-01301-DKC** |
| **Van Norstrand**, | * | |
| *Defendant/Counter-Plaintiff.* | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SUMMARY OPINION AND ORDER REGARDING DISCOVERY

The undersigned participated in a discovery conference with the parties today at the conclusion of Judge Chasanow's discussion with the parties regarding substantive issues in the case. As discussed at the hearing, Defendant/Counter-Claimant Van Norstrand takes the position that he requires no further discovery and discovery should therefore close on January 31, 2025, as agreed by the parties at the last discovery hearing on October 22, 2024. (ECF Nos. 174 and 205-2). Notwithstanding that agreement, Counter-Defendant Periarchon, LLC[1] seeks an extension of discovery and a new scheduling order, to include initial disclosures as contemplated by Rule 26(a)(1) and expert designations. Periarchon explained that it was distracted at the October 22, 2024 hearing by the existence of other discovery issues raised that did not directly affect it, by the discussion on written discovery which had been propounded by Van Norstrand at the end of September (answered January 8, 2025), and by the then-upcoming settlement

---

[1] Periarchon is consistently described as a third-party defendant pursuant to Rule 14 of the Federal Rules of Civil Procedure, however Rule 14 claims are limited to those brought by defendants against a third party "who is or may be liable to [defendant] for all or part if any claim against [defendant]," primarily in the setting of contribution or indemnity claims. Periarchon is not such a third party. Rather, in the undersigned's view, Periarchon is a co-defendant to the counterclaim that Defendant Van Norstrand brought against the original plaintiffs, who should have been joined pursuant to Rule 13(h). As a practical matter however, this does not affect the Court's ruling here.

conference on December 10, 2024.  Counsel for Periarchon also disclosed that the deaths in mid-December of both a family member and a long-time law partner interfered with the ability to fulfill discovery obligations by the current deadline.  Periarchon also correctly pointed it out that it had not yet been given an expert disclosure deadline.

For the reasons discussed at the conference today, the Court will extend the January 31, 2025 discovery deadline, but only on a limited basis as described below.  The Court notes that although Periarchon is a newer addition to the litigation, the sole member of Periarchon is current Plaintiff Reese, the majority member of current Plaintiff Future Fields, LLC.  Reese has been privy to this litigation and all previous discovery.  Additionally, Judge Ellen Hollander of this Court, who was the original U.S. District Judge assigned, previously exempted this case from the initial disclosures now sought by Periarchon and that will not be revisited.  (ECF No. 30 at 2).  Further, even if Periarchon was under the impression that the October 22, 2024 order only pertained to written discovery, it has not propounded any to date and it will not be permitted to propound any now.

At the same time, Periarchon did raise the issue of Van Norstrand's deposition at the October 22, 2024 hearing and it has yet to occur (through no fault of Van Norstrand).  The Court will allow that deposition, to take place by February 14, 2025, absent mutual agreement to extend beyond that date.  The deposition is limited in scope to issues related to opportunities and/or assets that flowed from Future Fields and its members to Periarchon, shall be limited to no more than four (4) hours, and shall take place in the office of Van Norstrand's counsel.

The Court also agrees that Periarchon should have the opportunity to designate experts, and will grant it until February 28, 2025 to do so.  Any such designation should be fully compliant with Rule 26(a)(2).  At the time of designation, Periarchon shall provide two

alternative dates for the deposition of any such expert(s) by March 17, 2025, unless Van Norstrand needs more time to digest the disclosure and prepare.  Van Norstrand shall provide any rebuttal designation or report by March 17, 2025, but may seek a reasonable, short extension of that deadline for good cause.  Accordingly, absent further order of the Court, the new discovery deadline for the limited discovery outlined above is March 17, 2025.

The parties are also directed to file a status report at the close of discovery addressing the following items:

a. whether any motions are pending;

b. whether any party intends to file a dispositive pretrial motion.  If so, the deadline for any such motions is thirty (30) days after the close of discovery absent further order of the Court;

c. whether the case is to be tried jury or non-jury and the anticipated length of trial;

d. a certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

e. whether each party believes it would be helpful to again refer this case for an additional settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

f. whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment; and

g. any other matter which you believe should be brought to the court's attention.

Finally, the Court will address Van Norstrand's sanctions motion by separate order.

Date: <u>January 17, 2025</u>

_____
J. Mark Coulson
United States Magistrate Judge