IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FUTURE FIELD SOLUTIONS, LLC, et al.,** | * | |
| *Plaintiffs/Counter-Defendants,* | * | |
| v. | * | Case No. 1:23-cv-01301-DKC |
| **ERIK VAN NORSTRAND,** | * | |
| *Defendant/Counter-Plaintiff.* | * | |
| | * | |

* * * * * * * * * * * * * * *

## MEMORANDUM OPINION AND ORDER

The undersigned was referred this case for discovery and related scheduling by U.S. District Court Judge Deborah Chasanow on June 28, 2023. (ECF No. 35). Since that time, the Court has ruled on numerous discovery issues among the parties. One such issue currently before the Court is Defendant/Counter Plaintiff Van Norstrand's Motion for Sanctions wherein he asks the Court to sanction Counter Co-Defendant PeriArchon, LLC based on late-filed written discovery responses.[1] (ECF No. 196). PeriArchon has filed its Response in Opposition. (ECF No. 197). Related issues were addressed at a recent telephone hearing, although the Court deferred ruling on the instant motion at that time. (ECF No. 208). The Court finds that no hearing is necessary pursuant to Local Rule 105.6. Loc. R. 105.6 (D. Md. 2023). As set forth more fully below, Van Norstrand's motion is DENIED.

The instant motion had its genesis at an October 22, 2024 hearing before the Court on other discovery issues among the parties. At that time, the written discovery at issue, propounded by

---

[1] Those responses were ultimately attached as exhibits to PeriArchon's Response in Opposition to the present motion, filed by PeriArchon on January 8, 2025.

Van Norstrand to PeriArchon (a recent addition to case) on October 1, 2024, had not yet become due. (ECF No. 196 at 1). In addressing, *inter alia*, the scope and timeframe for discovery from or by PeriArchon (to include the discovery already propounded), the Court set a discovery deadline of January 31, 2025 after seeking input from the parties about the feasibility of that deadline. (ECF Nos. 174 at 2; 205-2 at 14-15).

PeriArchon did not answer the written discovery by the due date (October 31, 2024). On November 15, 2024, PeriArchon belatedly responded to Van Norstrand's November 6, 2024 inquiry as to when responses might be forthcoming, indicating that counsel for PeriArchon would contact Van Norstrand's counsel on November 18, 2024 once he had a chance to talk with his client. (ECF No. 196-2). However, PeriArchon's counsel did not recontact Van Norstrand's counsel on November 18, 2024 as promised. (ECF No. 196 at 3).

When no response was received, Van Norstrand requested permission from the Court to file a Motion for Sanctions based on the overdue discovery on November 19, 2024. (ECF No. 188). On November 25, 2024, the Court, in turn, ordered PeriArchon to file any response to Van Norstrand's request by December 4, 2024. (ECF No. 190). When no response was filed by that date, the Court granted Van Norstrand's request to file his motion on December 5, 2024. (ECF No. 191).

Van Norstrand filed the instant motion on December 23, 2024. PeriArchon responded on January 8, 2025, to include providing the outstanding discovery responses. Nonetheless, Van Norstrand reiterated at a January 17, 2025 hearing on related matters that it was still pursuing the instant motion even though it was based on a failure to respond and the discovery at issue had since been provided. It was at that same hearing that counsel for PeriArchon disclosed that a family member had died in December (on or about December 22, 2024) and a long-time business

partner had more recently died unexpectedly (on or about January 8, 2025) by way of partial explanation for PeriArchon's prior failures to respond. Additionally, in its Response in Opposition, PeriArchon explained that settlement discussions in mid-December among the parties reasonably led it to believe that the discovery responses at issue were not actively being pursued by Van Norstrand. (ECF No. 197 at 2).

As Van Norstrand correctly points out, under Federal Rule of Civil Procedure 37(d)(1)(A)(ii), the Court may grant a motion for sanctions based on a failure to respond to discovery once "the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Rule 37(b)(2)(A), in turn, provides the Court a menu of potential sanctions, including "prohibiting the disobedient party from supporting or opposing designated claims or defenses," or "rendering a default judgment against the disobedient party." Instead of, or in addition to, these sanctions, the Court "must require the party failing to act, the attorney advising that party, or both to pay reasonable expenses, including attorneys' fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). "The Court has broad discretion when determining whether to impose sanctions." *Caruccio v. Marco Techs. LLC*, No. BAH 22-1477, 2023 WL 3931991, at *2 (D. Md. June 9, 2023) (citations omitted). In determining whether to impose sanctions, the Fourth Circuit requires consideration of the following: (1) the evidence of bad faith by the noncomplying party; (2) the amount of prejudice noncompliance caused the opposing party; (3) the need for deterrence of the sort of non-compliance at issue; and (4) the effectiveness of less drastic sanctions. *Hughley v. Leggett*, No. DKC 111-3100, 2013 WL 3353746, at *2 (D. Md. July 2, 2013) (citations omitted).

In the present case, a careful consideration of those factors weighs against sanctioning

PeriArchon for its late discovery response. First, the Court sees no evidence of bad faith. PeriArchon's late responses are mitigated by intervening settlement talks as well as two deaths occasioning both personal and professional strain on PeriArchon's counsel. Second, Van Norstrand has suffered no true prejudice; the discovery responses are now in hand, with no objection from Van Norstrand regarding incompleteness, and no request from him for any additional discovery or extension based on PeriArchon's late response, as verified at the January 17, 2025 hearing. Third, although PeriArchon could have been more communicative in advance of the motion, its lack of responsiveness is at least partially explained by the above circumstances. Finally, PeriArchon's late responses did lead to consequences from this Court. Specifically, at the most recent hearing on January 17, 2025, the Court ordered that PeriArchon could not pursue discovery on its own behalf based on its inaction during the discovery period beyond the ability to designate an expert (which it had not been previously afforded by the Court) and to take Van Norstrand's deposition under both time and scope restrictions imposed by the Court. (ECF No. 208 at 2).

  Accordingly, Van Norstrand's Motion for Sanctions (ECF No. 196) is DENIED.

Date: January 28, 2025              /s/
                            J. Mark Coulson
                            United States Magistrate Judge