IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FUTURE FIELD SOLUTIONS, LLC, et al.,** | * | |
| *Plaintiffs/Counter-Defendants,* | * | |
| v. | * | Case No. 1:23-cv-01301-DKC |
| **ERIK VAN NORSTRAND,** | * | |
| *Defendant/Counter-Plaintiff.* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER REGARDING REMAINING DISCOVERY

Counsel for Defendant Van Norstrand, copying all other counsel, emailed Chambers to request clarification of the Court's January 17, 2025 Summary Opinion and Order, (ECF No. 208), allowing for a four-hour deposition of Mr. Van Norstrand by Counter-Claim Co-Defendant PeriArchon on the limited issue of business opportunities Mr. Van Norstrand claims flowed from Plaintiffs to PeriArchon of which Mr. Van Norstrand contends he is owed a share by virtue of his membership in Plaintiff Future Field Solutions. Counsel for Plaintiffs responded. A copy of both emails sent to Chambers is attached to this Order.

Specifically, Mr. Van Norstrand asks the Court to clarify whether counsel for other parties beyond PeriArchon can question Mr. Van Norstrand given that they all participated in a prior deposition of Mr. Van Norstrand, and none (other than PeriArchon) requested a second deposition of Mr. Van Norstrand either at the Court's October 22, 2024 or January 17, 2025 hearings. Plaintiffs' counsel argues that at the time Mr. Van Norstrand's original deposition was taken, the issue at hand was not yet part of the case. Of course, this argument, though certainly true, was available at both the prior hearings which occurred well after the addition of PeriArchon.

As the Court has made quite clear, given the amount of discovery already conducted in this case, there will not be a discovery "do-over" notwithstanding the appearance of new counsel. That said, should the other parties have limited follow-up questions of Mr. Van Norstrand after PeriArchon's questioning, restricted to the narrow scope previously outlined by the Court of "opportunities and/or assets that flowed from Future Fields Solutions or its principals to PeriArchon," or other matters otherwise within the scope of Mr. Norstrand's deposition testimony[1], such limited questioning may take place. If there is a dispute at the deposition as to whether a given question is within the permissible scope the Court has defined, it shall not be grounds not to answer. Rather, counsel should make their record outside the presence of Mr. Van Norstrand and the deposition shall otherwise proceed, with all parties preserving the right for subsequent motions practice as to such questioning. The Court will not extend the four hour limit to the deposition that was previously imposed. And to be clear, such follow-up questioning may only take place, time permitting, after questioning by PeriArchon has concluded. Nothing, of course, prohibits the parties from coordinating to make the best use of the allotted time subject to the above.

Finally, Plaintiffs raise the issue of the status report currently due on March 17, 2025 which they contend is not realistic given the appearance of new counsel for the Plaintiffs and the potential to narrow the issues in dispute once new counsel gets up to speed. While narrowing issues and otherwise streamlining this case has not been its hallmark to date, the Court agrees that the parties are not in a position to meaningfully file the contemplated status report at this time. It is, therefore, excused. Instead, the parties should confer and present a proposal to the Court by April 4, 2025 setting forth a schedule for any remaining items of discovery contemplated by this Court's January

---

[1] That is, should Mr. Norstrand at his upcoming deposition raise substantive matters arguably outside the limited scope ordered by the Court, reasonable follow-up regarding such matters may take place.

17, 2025 Order, (ECF No. 208), as well as any narrowing of the issues that they propose. Counsel should note that this is not an invitation to re-open discovery. Instead, remaining discovery is restricted to those specific items outlined in the Court's January 17, 2025 Order.

Date: March 13, 2025                                          /s/
                                                    _____
                                                    J. Mark Coulson
                                                    United States Magistrate Judge

| | |
|---|---|
| **From:** | Walter, Harold M. |
| **To:** | C. Edward Hartman, III; MDD_JMCChambers |
| **Cc:** | Kuhns, Joyce; Mullin, Lauren; Jeffrey DeCaro; Daisy Velasco; Amy Clune |
| **Subject:** | RE: Future Fields Solutions v. Erik Van Norstrand; Case No. 1:23-cv-01301-DKC |
| **Date:** | Thursday, March 13, 2025 1:17:30 AM |
| **Attachments:** | image001.png<br>image078677.png<br>image865085.png<br>image127223.png<br>image235023.png |

**CAUTION - EXTERNAL:**

Dear Judge Coulson:

    This responds to an e-mail sent to you yesterday in this matter by counsel for Counterclaim Plaintiff, C. Edward Hartman. In sending you this e-mail, Mr. Hartman did not follow the procedure specified in your Memorandum to Counsel Concerning Discovery which was filed in this case. (ECF # 36). I assume counsel was unaware of it. Mr. Hartman skipped several steps specified in your memorandum, including filing a brief joint letter requesting that Court resolve a discovery dispute and confirming that counsel has attempted to resolve this dispute on our own through a "discussion between counsel," not just an e-mail exchange (no discussion between counsel has occurred), and only then filing letters via CM-ECF stating our positions. Given where we are, I assume you would want me to take the economical and pragmatic approach of simply responding to the issue raised by Mr. Hartman. If the Court instead prefers that we follow the procedure, we will of course do so.

    I want to first point out that this is not an emergency. The deposition of Mr. Van Norstrand was previously postponed by Mr. Hartman and Mr. Decaro without any input from me, and no new date has been agreed to by Mr. Hartman. Mr. Decaro and I have offered several dates when we are available, but Mr. Hartman has not responded. What Mr. Hartman did indicate was his view that counsel for Messrs. Brent, Reese, and Tunson ("my clients") would not be permitted to ask any questions at the deposition.

    I pointed out to Mr. Hartman that your Honor's January 17, 2025, order (ECF # 208) and comments at the hearing do not support his view. The Court limited the subject matter of the deposition but did not exclude any counsel in this case from being able to ask questions within that subject matter. The subject matter limitation was as to "issues related to opportunities and assets that flowed from Future Fields **and its members** to PeriArcon." *Id*. (emphasis added.) The Court's comments about the deposition at the hearing track almost verbatim the subject matter limitation stated in

the Order. (1/17/25 Hrg. Transcript at p. 23, lines 17 – 21.)

Throughout the current counterclaim, Mr. Van Norstrand makes claims against my clients based upon claims that my clients individually caused him damage by taking "opportunities funds and assets" from FFS and diverting them to PeriArchon, the very subject matter of the upcoming deposition. *See, e.g.*, ECF # 133, para. 215 -216. Specifically, Mr. Van Norstrand alleges that my clients individually controlled both FFS and PeriArchon and that they "illegally transferred at least one subcontract" from FFS to PeriArchon. *Id*., para. 150.  Mr. Van Norstrand alleges that my clients breached their fiduciary duty to Van Norstrom through certain actions related to opportunities and assets that flowed from Future Fields and its members to PeriArchon. *Id*. at para. 191 - 92.  In connection therewith, in Count IV, Mr. Van Norstrom seeks damages against my clients (the individuals) in excess of $100,000, plus punitive damages, attorneys' fees, pre and post judgment interest, etc. *Id*. at p. 36.  Similarly, Mr. Van Norstrom seeks damages against my clients related to opportunities and assets that flowed from Future Fields and its members to PeriArchon in Count VI and perhaps other counts as well. Obviously, my clients have interests within the scope of the deposition as defined by this Court and are entitled to have counsel defend those interests by questioning Mr. Van Norstrand at the deposition.

In response to Mr. Hartman's argument that my clients have already had a deposition of Mr. Van Norstrand on these issues, I pointed out that the claims relating to PeriArchon were not at issue in this case when that deposition was taken.  The deposition of Mr. Van Norstrand occurred on September 27, 2023, but the claims involving PeriArchon were not at issue in this case until Van Norstrand's Motion for Leave to File the Second Amended Complaint was granted three months **after** the deposition, on December 27, 2023.  ECF # 132, para. 1.  Thus, Mr. Hartman's suggestion that my clients already had an opportunity to depose Mr. Van Norstrand concerning the claims related to PeriArchon is factually incorrect.

I suggested that if Mr. Hartman was prepared to stipulate that his client was not pursuing claims against my clients in connection with the issues relating to PeriArchon that I would reevaluate my need to ask questions.  Mr. Hartman did not respond to this offer.  As long as Mr. Van Norstrand seeks damages and other relief against my clients based on the subject matter of the deposition, my clients have a right to have their counsel participate in the deposition within the subject matter bounds ordered by this Court.

Moreover, if Mr. Van Norstrand gives testimony about matters outside of the

subject matter limitation, he thus "opens the door," and may be subject to examination on those matters.

My clients request that the Court reiterate unequivocally that its limitation is on the scope of the deposition and not the parties who may question within that scope.  We also request that the court confirm that if testimony outside of the scope is given, counsel may, without unnecessarily repeating prior questioning, follow-up on such testimony.

Finally, since Mr. Van Norstrand and my clients both have new counsel, it makes sense for counsel to confer, after becoming more familiar with the extensive record in this case, to plot a path forward to bring this case to conclusion.  The key to doing that is to eliminate claims that are no longer viable or desirable.  It makes sense to do that sooner than later because doing so may reduce the subject matter that would need to be explored in the yet to be rescheduled deposition of Mr. Van Norstrand and it certainly could reduce the scope of upcoming dispositive pretrial motions.

My clients further request that the Court temporarily suspend the current discovery schedule, including the status report due this coming Monday, March 17, in favor of ordering a status conference to set up a process for determining which claims are viable and going forward, and to set new deadlines for the completion of the Van Nostrand deposition, the naming of experts by PeriArchon, the close of discovery, and the date for dispositive motions to be filed.  Forcing the parties to proceed without first at least attempting to sort the wheat from the chaff will result in wasted efforts by counsel and the Court.  For instance, new counsel have not discussed any of the seven very reasonable items that this Court directed the parties to jointly address in the upcoming status report.  Requiring that report on Monday will mean that there will be no serious attempts to get the essential elements of this case ready for resolution.

Each of the proposals and responses contained in this e-mail were made to Mr. Hartman in writing prior to his sending the Court the e-mail yesterday.  If it would be helpful to the Court, I would be happy to provide the e-mail string for the Court's review.

We stand ready to assist the Court in bringing this matter to a reasonable and just conclusion.

       Respectfully submitted,

Harold M. Walter and Joyce Kuhns



**Harold M. Walter**

Principal

D  410.209.6448

hwalter@offitkurman.com



1954 Greenspring Drive
Suite 605
Timonium, MD 21093
T  410.209.6400
F  410.209.6435

offitkurman.com



---

**From:** C. Edward Hartman, III <ed@hartman.law>
**Sent:** Wednesday, March 12, 2025 2:56 PM
**To:** MDD_JMCChambers@mdd.uscourts.gov
**Cc:** Walter, Harold M. <hwalter@offitkurman.com>; Kuhns, Joyce <jkuhns@offitkurman.com>; Mullin, Lauren <Lauren.Mullin@offitkurman.com>; Jeffrey DeCaro <jdecaro@decarodoran.com>; Daisy Velasco <Daisy.Velasco@hartman.law>; Amy Clune <Amy.Clune@hartman.law>
**Subject:** Future Fields Solutions v. Erik Van Norstrand; Case No.

Good afternoon, Judge Coulson:

I hope this message finds you well. I am writing to request clarification regarding the Summary Opinion and Order Regarding Discovery issued on January 17, 2025, concerning depositions in the above-referenced matter. All counsel are copied hereon.

Specifically, we would appreciate further guidance regarding the parties allowed to ask questions at the deposition of Van Norstrand, for which permission was sought by Mr. DeCaro to take after the discovery deadline, due to the passing of his longtime law partner.

It is our belief that the deposition is limited to PeriArchon only; however, counsel for the individual plaintiffs, members of Future Field Solutions, Inc., who are also current and former members of PeriArchon, believes his clients have the right to retake Van Norstrand's deposition.

In the January 17th Order, the Court "note[d] that although Periarchon is a newer addition to the litigation, the sole member of Periarchon is current Plaintiff Reese, the majority member of current Plaintiff Future Fields, LLC. Reese has been privy to this litigation and all previous discovery." All individual plaintiffs have been privy to this litigation, which has been ongoing for years. A previous deposition of Van Norstrand was taken on September 27, 2023 by plaintiffs, as individual members, and as Future Field Solutions, Inc. The deposition was taken by Berenzweig Leonard, LLP, previous counsel for Future Field Solutions, LLC, and its individual members, Brian Tunson, James Brent, and Steve Reese. All the individual plaintiffs were present at the deposition, and Van Norstrand was questioned by the individual plaintiffs' counsel. At no point in time did the individual members request the Court to allow a subsequent deposition.

Berenzweig Leonard, LLP withdrew its appearance from the case on February 26, 2025, after Harold M. Walter and Joyce Kuhns, of Offit Kurman, P.A, entered their appearance on behalf of Tunson, Brent, and Reese. The status conference from which the January 17, 2025 order derives was held prior to Offit Kurman entering its appearance. Offit Kurman now believes that the plaintiffs, who have already deposed Van Norstrand as individuals, have the right to depose Van Norstrand again, regardless of the limited scope ordered in the January 17th Order and all established deadlines.

At the request of Mr. DeCaro, counsel for Periarchon, the Order states that, "[t]he deposition is limited in scope to issues related to opportunities and/or assets that

flowed from Future Fields and its members to Periarchon, shall be limited to no more than four (4) hours, and shall take place in the office of Van Norstrand's counsel." Future Fields Solution, and its members have already deposed Mr. Van Norstrand, and the Order limits the scope of the deposition accordingly. As such, it is our belief that the Order limited the deposition to PeriArchon alone. We have offered counsel for the individual plaintiffs that they may appear.

To ensure compliance with the order and avoid any potential misunderstandings, we would be grateful for your clarification on the following:

1. Under the Order, is the deposition limited to PeriArchon or are the individual plaintiffs allowed to ask Van Norstrand questions in the deposition after having previously deposed Van Norstrand?

We understand the importance of adhering to the Court's directives and wish to ensure that our actions align with the Court's expectations. Any additional information or guidance you can provide would be greatly appreciated. Thank you for your time and attention to this matter. Should you require any further details from our side, please don't hesitate to let me know.

    Ed Hartman



## C. EDWARD HARTMAN, III
**L.L.M.  J.D.  B.S.E.E.  AV**
HARTMAN, ATTORNEYS AT LAW
HARTMAN REALTY, LLC
DC BOAT SHOWS, LLC
116 Defense Highway | Suite 300
Annapolis, Maryland 21401

ed@hartman.law  |  www.hartman.law
**T | (410) 266-3232**
**F | (410) 266-5561**

---

**PRIVILEGED COMMUNICATION/PRIVACY NOTICE**
Information contained in this transmission is attorney-client privileged and confidential.  It is solely intended for use by the individual or entity named above.  If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone and delete this communication.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Case 1:23-cv-01301-DKC   Document 214   Filed 03/13/25   Page 10 of 10