IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FUTURE FIELD SOLUTIONS, LLC, et al.,    *

    *Plaintiffs/Counter-Defendants,*    *

    *v.*    *    Case No. 1:23-cv-01301-DKC

ERIK VAN NORSTRAND,    *

    *Defendant/Counter-Plaintiff.*    *

    *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

## MEMORANDUM OPINION AND ORDER REGARDING DISCOVERY MATTERS RAISED IN THE PARTIES' LATEST STATUS REPORTS

The current lawsuit arises from a dispute among former members of Plaintiff Future Field Solutions, LLC ("Future Field") that had its genesis when Defendant/Counter Plaintiff Van Norstrand was removed as a member. Among other things, the parties dispute both the value of Defendant's interest, and whether certain business assets and opportunities were wrongfully diverted by the remaining members to a new entity (and now Counter Co-Defendant), PeriArchon, LLC ("PeriArchon"), of which at least one member of Future Field, Plaintiff Reese, has a controlling interest. The litigation has given rise to many discovery disputes among the parties, the latest of which posits whether discovery is largely over or should be extended both in scope and length pending certain requested substantive rulings as set forth in the parties' recently (but separately) filed status reports. (ECF Nos. 215, 216, 217, and 218).

By way of relevant background, Plaintiffs' complaint[1] was removed to this Court on May 17, 2023. (ECF No. 1). On June 22, 2023, the Court issued a scheduling order, setting a discovery

---

[1] By the time of removal, Plaintiffs had filed a First Amended Complaint in state court. (ECF No. 11).

deadline of October 20, 2023, and ordering a status report from the parties for that same date. (ECF No. 30). The matter was referred to the undersigned by U.S. District Judge Deborah Chasanow for discovery and all related scheduling on June 28, 2023. (ECF No. 35).

On September 20, 2023, the undersigned issued an order addressing several discovery disputes among the parties. (ECF No. 71). Per the parties' October 20, 2023 Joint Status Report at what was to be the close of discovery, they indicated a handful of discrete discovery issues remained. (ECF No. 87). Those issues and others were addressed at a November 13, 2023 hearing, as summarized in this Court's November 14, 2023 Summary Opinion and Order (ECF No. 106), including discovery involving then-nonparty PeriArchon, an entity purchased by one or more of the individual Plaintiffs in November of 2022 and to which, according to Defendant, Plaintiffs wrongfully transferred certain business assets and business opportunities so as to avoid Defendant sharing in them. The parties did not raise any further discovery issues following that November 14, 2023 order for nearly a year.

In the meantime, on December 27, 2023, Judge Chasanow granted Defendant's motion to formally add PeriArchon as a Counter Co-Defendant. (ECF No. 132). Additionally, extensive substantive motions practice continued among the parties, and on August 2, 2024, Judge Chasanow issued a memorandum opinion and accompanying order addressing those motions, most notably ruling that Defendant was wrongfully terminated as a member of Plaintiff Future Field. (ECF Nos. 145 and 146).

On October 22, 2024, the undersigned held a hearing to address a request by Defendant that Future Field supplement its previous discovery responses based on intervening developments, and to address what, if any, remaining discovery was necessary given PeriArchon's entry in the case the previous December. In addition to the requested supplementation by Future Field (ordered

to occur by November 8, 2024), Defendant also requested that his written discovery propounded to PeriArchon at the end of September, 2024 be answered, and that he have an opportunity to take a Rule 30(b)(6) deposition of PeriArchon if necessary.  Counsel for PeriArchon indicated that the only discovery it required was a deposition of Defendant since it was not a party to the case at the time of Defendant's original deposition (though one of its members, Plaintiff Reese, was).  No specific additional discovery was requested by Future Field or the individual Plaintiffs.  After discussion, the Court granted a discovery extension to January 31, 2025 to accomplish "any additional discovery from anyone" on the limited issue of alleged opportunities that flowed from Future Fields Solutions and/or its members to PeriArchon to the detriment of Defendant.  (ECF No. 172 at 2; 189 at 14-15).

On November 19, 2024, Defendant filed a motion for permission to seek sanctions against PeriArchon for failing to respond to its written discovery, pending since September.  (ECF No. 188).  By paperless order, the undersigned ordered PeriArchon to respond to Defendant's request by December 4, 2024.  (ECF No. 190).  No response was filed, and Defendant was therefore granted permission to file his motion for sanctions.  (ECF No. 191).  That motion was filed on December 23, 2024, to which PeriArchon responded on January 8, 2025.  (ECF Nos. 196 and 197).

Separately, on January 10, 2025, Plaintiffs filed a request for a conference with Judge Chasanow on substantive issues including whether now-dissolved Future Field should be dismissed from the litigation and whether the remaining individual Plaintiffs would be permitted to again amend their complaint to re-frame their allegations against Defendant now that the Court had determined he was wrongfully removed from Future Field.  (ECF No. 198).  On January 14, 2025 PeriArchon submitted its own request for a new scheduling order.  (ECF No. 203). Plaintiffs filed an additional submission, asking that any scheduling order allow for the windup and exit of

Future Field from the litigation, and for the individual Plaintiff to reframe their allegations against

Defendant.  (ECF No. 204).  On the issue of the need for additional discovery, Plaintiffs noted:

> Once the Plaintiffs have filed their new amended Complaint and the Defendant has had an opportunity to file responsive pleadings, the Plaintiffs anticipate that the Court will issue a new Scheduling Order to govern any remaining discovery needs, which should be minimal. The Plaintiffs are aware that Third Party Defendant PeriArchon, LLC has asked the Court to issue a new Scheduling Order, specifically to address PeriArchon's need for Initial Disclosures and other relevant discovery. The Plaintiffs do not object to that request.

*Id*. at 4.  For his part, Defendant's submission opposed any extension of discovery, stating:

> Regarding the issuance of a new scheduling order and the extension of discovery, Defendant opposes Plaintiffs' and Third-Party Defendant's request. On October 23, 2024, Judge J. Mark Coulson issued an Order reopening discovery until January 31, 2025. The Order by Judge Coulson was based on a hearing held on October 22, 2024 in which all parties, including ThirdParty Defendant were present and agreed to the January 31, 2025 deadline. The January 31, 2025, deadline was set to accommodate PeriArchon. PeriArchon agreed that the extension was sufficient. There is no reason to extend discovery.

(ECF No. 205 at 1).

Based on these submissions, Judge Chasanow and the undersigned held a joint conference

call with the parties on January 17, 2025.  (ECF No. 209).  As summarized in the undersigned's

Summary Opinion and Order Regarding Discovery, discovery was extended on a limited basis to

accommodate PeriArchon's deposition of Defendant (which, though addressed at the October 22,

2024 hearing, had yet to occur) to take place by February 14, 2025, and PeriArchon's request to

designate experts by February 28, 2025, with an overall discovery deadline of March 17, 2025 to

allow for deposition of any PeriArchon experts and a rebuttal designation by Defendant.  (ECF

No. 208 at 2-3).  The undersigned was quite clear at the hearing that any deposition of Defendant

would be limited to the issue of "opportunities and assets that potentially flow[ed] from Future

Fields and its principals to PeriArchon."  (ECF No. 209 at 23).  The undersigned asked whether

there were "any other discovery issues we need to address while we're all here[,]" but none were

raised other than Defendant's then-pending motion for sanctions on which the undersigned deferred. *Id*. at 25. At the end of the hearing, the undersigned again asked, "Is there anything else that anybody needs to raise while we are all here?" to which all counsel replied no. *Id*. at 26.

By correspondence to the Court dated March 12 and March 13 respectively, counsel for Defendant and counsel for Plaintiffs asked for clarification of the Court's January 17th order regarding PeriArchon's deposition of Defendant, which had apparently yet to take place. Plaintiffs also requested that their joint status report due by the new discovery deadline of March 17, 2025 be deferred to a later date to allow for narrowing and reframing of substantive issues. By order dated March 13, the Court clarified that the Plantiffs would be permitted to ask questions at Defendant's deposition after the questioning of PeriArchon limited to the issue of opportunities and assets allegedly diverted from Future Field to PeriArchon unless Defendant raised different substantive issues in his testimony, to which reasonable follow-up would be permitted. (ECF No. 214 at 2). The Court also relieved the parties of their obligation to provide a Joint Status Report by March 17, and instead ordered that they confer regarding any narrowing of issues and that they present a proposal to the Court by April 4, 2025, setting forth a schedule for any remaining items of discovery contemplated by this Court's January 17, 2025 Order. *Id*. at 2-3. The Court, however, cautioned, "Counsel should note that this is not an invitation to re-open discovery. Instead, remaining discovery is restricted to those specific items outlined in the Court's January 17, 2025 Order." *Id*. at 3.

Apparently, the parties had no luck narrowing the issues by agreement, and Plaintiffs and PeriArchon now ask Judge Chasanow to entertain certain briefing and make certain substantive rulings to narrow those issues instead. (ECF No. 216; ECF No. 217 at 1-10.) The undersigned will, of course, defer to Judge Chasanow on those requests.

However, Plaintiffs and PeriArchon also request a further extension of discovery beyond the limited scope under which the Court and all parties were operating since October 22, 2024. Because this falls squarely within the original discovery referral, the undersigned will address those issues in the order raised by Plaintiffs in their submission.

First, Plaintiffs ask that Defendant update its written discovery responses pursuant to its duty to supplement under Rule 26(e).  (ECF No. 217 at 9).  Defendant has agreed to supplement its responses by April 30, 2025, although the scope of that supplementation was not spelled out in detail.  (ECF No. 215).  Plaintiffs argue that it is aware of at least two developments that demand such supplementation:  Defendant's loss of a security clearance and a restitution order by the U.S. Government against Defendant for overpayments.  (ECF No. 217 at 9).  Plaintiffs suggest that the parties be ordered to meet and confer regarding these and other areas of supplementation, with the ability to bring disputes regarding same to the Court.  *Id*. at 9-10.

It is certainly true that any party to litigation has an ongoing duty to supplement prior discovery responses "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing[.]" Fed R. Civ. P. 26(e)(1)(A). And as to the alleged loss of security clearance and restitution order (if any)—both of which would post-date Defendant's previous discovery responses, if they are accurately described by Plaintiffs, are potentially of a type material enough to require supplementation if otherwise responsive to a previous request for production or interrogatory.  As to those specific items, and any others that Defendant and his counsel conclude require supplementation consistent with their obligations under both Rules 26(e) and 26(g) of the Federal Rules of Civil Procedure, the Court will order such supplementation to occur by April 30, 2025.  The Court notes however that, to its knowledge,

neither Plaintiffs nor PeriArchon have propounded additional written discovery, and none will be permitted now, except for Requests for Admission, the timing for which is described further below. Further, neither Plaintiffs nor PeriArchon will be permitted, under the guise of Defendant's supplementation obligation, to revisit previous discovery responses to which they might have objected or moved to compel at any of the previous discovery hearings or opportunities detailed above.

Next, Plaintiffs raise the deposition of Defendant, contemplated by this Court's earlier January 17, 2025 and March 13, 2025 clarification, which has still not taken place. (ECF No. 217 at 10-12). As to the timing of that deposition, the Court agrees it should await passage of the April 30, 2025 supplementation deadline established above, but should take place no later than May 23, 2025, subject to the same limitations established by the Court's January 17, 2025 order, with the exception of any supplementation Defendant may make by April 30, which may be inquired about by any party. Note that if Defendant continues to take the position that any loss of security clearance is outside the scope of discovery, and any alleged restitution order does not exist, and does not produce documents as to either, reasonable questioning is nonetheless permitted as to both topics to probe Defendant's good faith basis for concluding why such information is nonresponsive (in the case of the security clearance) or not applicable (in the case of the alleged restitution order). The Court will also expand the deposition time from 4 hours to 6 hours. The Court otherwise declines to expand the scope of the deposition as requested by Plaintiffs and PeriArchon. Although it is true that it has been more than 18 months since Defendant's original deposition, the Court has held at least two substantive discovery hearings since that time (including one less than three months ago), and also clarified a previous question about the scope of Defendant's deposition less than one month ago, all of which occurred without any request for an

"update" of Defendant's deposition to expand to other areas.

Any requests for admission should be propounded by no later than May 23, 2025, and responded to by June 22, 2025, with a limitation of 30. That limitation applies to Plaintiffs as a group since they are represented by the same counsel and their issues are substantially similar.

Should any subsequent ruling by Judge Chasanow necessitate it, the undersigned will adjust this order accordingly. In the absence of that, the parties should file a Joint Status Report by May 23, 2025 addressing the following:

a.  Whether any additional substantive motions are contemplated (due by June 27, 2025);

b.  Whether the case is to be tried jury or non-jury and the anticipated length of trial;

c.  A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

d.  Whether each party believes it would be helpful to again refer this case for an additional settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

e.  Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment; and

f.  Any other matter which you believe should be brought to the court's attention.

Dated: April 11, 2025

_____/s/_____
J. Mark Coulson
United States Magistrate Judge