**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)**

| | |
|---|---|
| FUTURE FIELD SOLUTIONS, LLC, *et al.* ) | |
| ) | |
| Plaintiffs/Counterclaim Defendants ) | |
| ) | |
| v. ) | **Case No. 1:23-cv-01301-DKC** |
| ) | **JUDGE DEBORAH K. CHASANOW** |
| ERIK VAN NORSTRAND ) | |
| ) | |
| Defendant/Counterclaim Plaintiff. ) | |
| ) | |

**RESPONSE TO ORDER DIRECTING FUTURE FIELD SOLUTIONS, LLC TO
SHOW CAUSE WHY DEFAULT SHOULD NOT BE ENTERED AGAINST IT ON
REMAINING COUNTS UNDER THE SECOND AMENDED COUNTERCLAIM**

James C. Brent, Sr., as Wind-Up Member of Future Field Solutions, LLC ("Future

Field"), through undersigned counsel, and in response to this Court's Order to Show Cause

issued on January 23, 2026 (the "OSC") (ECF No. 278), states:

**BACKGROUND**

1.       On January 23, 2026, this Court entered its Memorandum Opinion (ECF No. 277)

and Order (ECF No. 278) ruling on various motions filed by Counterclaim Plaintiff Eric Van

Norstrand ("Van Norstrand") and by Counterclaim Defendants James C. Brent, Sr., Steven

Reese, and Brian Tunson under the Second Amended Counterclaim (the "Counterclaim") (ECF

No. 133).

2.       In its Memorandum Opinion, the Court notes that Local Rule 101 (b) permits the

Court to direct an unrepresented party to show cause why a default should not enter against it on

claims asserted against it and that, under Fed. R. Civ. Proc. 55, failure to proceed through

counsel on claims asserted against it gives rise to a presumption that the entity has failed to

defend *Id*. at 117. In its Order, the Court ordered Future Field to show cause why a default

should not be entered against it under Counts II- Breach of Contract, Count III- Breach of Loyalty, Count IV-Breach of Fiduciary Duty, Count VI- Accounting, Count VII- Wrongful Termination, and Count VIII- Indemnification.  *See* ECF No. 277, Memorandum Opinion at pp.123-24 (listing counts the Court considered remaining against Future Field).

3.     James C. Brent, Sr. ("Respondent") as the authorized wind-up member of Future Field, files this Response.

**<u>RESPONSE</u>**

4.     In its Memorandum Opinion, the Court reviews the history of the wind-up and cancellation of Future Field in accordance with the LLC's Operating Agreement and Maryland law that followed the court-ordered dissolution of Future Field in August 2024. The Court concludes that, "The wind-up remains intact and Future Field remains cancelled." *Id*. at 123. Respondent notes that the Court's conclusion that Future Field retains the capacity to prosecute or defend claims post-cancellation is based on the language in Md. Code Ann., Corps. & Ass'ns §4A-908(b) that "[n]otwithstanding the filing of articles of cancellation, the [LLC] continues to exist for the purpose of .... doing all other actions required to liquidate and wind up its business and affairs." *Id*. at 117.  Respondent points out that Md. Code Ann., Corps. & Ass'ns §4A-920 expressly states that *forfeiture* does not "prevent the limited liability company from defending any action, suit, or proceeding in a court of this State." However, the Limited Liability Act is silent on the capability of a limited liability company to do so, *post-cancellation*. This discrepancy suggests that the rights of a forfeited company versus the rights of a cancelled company to defend may differ. Respondent is aware of no Maryland case law that squarely addresses a cancelled LLC's ability to defend claims nor is this discrepancy resolved in the statute. Nonetheless, under the circumstances here, where this Court has found that Future Field

ceased doing business in 2022[1], has no assets and has already distributed its remaining assets to creditors[2], Respondent believes there is no wind-up requirement or practical reason for it to defend claims.

5.      Respondent advises the Court that the only required wind-up task remaining is for him to file Future Field's final tax returns for the period January 1, 2025 through the date of its cancellation on April 5, 2025, and to issue the related Form K-1's to its pre-cancellation members, and he is prepared to do so. Respondent believes the filing of appropriate tax returns are the only "required" acts in wind-up at this time.[3]

6.      In short, Respondent maintains that asserting a defense is neither a required wind-up act under the circumstances here nor does Future Field have the ability to defend and pay counsel. Nonetheless, Respondent points out the following regarding the remaining counts under the Counterclaim.

### **Count II- Breach of Contract**

7.      Since the breach of contract claim may still be litigated against the individual Counterclaim Defendants, Respondent maintains this Court should defer entry of any default judgment against Future Field to avoid inconsistent results, following the *Frow* doctrine first articulated by the United States Supreme Court in *Frow v. De La Vega,* 82 U.S. 552 (1872). This Court has itself recently observed: "Generally, under the *Frow* doctrine, 'when one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against that defendant until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted.'" *John C. Grimberg Co. v. Nudura Corp.*, No. CV DKC 22-2586,

---

[1] *See* ECF No. 145, Memorandum Opinion at pp. 40-41.
[2] *See* ECF No. 277, Memorandum Opinion at p.123, n.48.
[3] Respondent also notes, that under Md. Code Ann., Corps. & Ass'ns §4A-909 (2), his obligation to serve as resident agent for Future Field expires one year after termination which will occur on April 5, 2026.

2026 WL 124015, *3 (D. Md. Jan. 16, 2026) (Chasanow, J.) (slip op.) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)). *See also Arbor Care Tree Experts, Inc. v. Arbor Care Tree Experts & Outdoor Servs.,* CV No. ELH-10-1008, 2011 WL 219636, *1-*2 (D. Md. Jan. 21, 2011).

8.    As this Court further explicated in *Russell v. Railey,* No. CIV.A. DKC 08-2468, 2012 WL 1190972 (D. Md. Apr. 9, 2012) (Chasanow, J.), the United States Court of Appeals for the Fourth Circuit expanded the *Frow* doctrine in holding that: "Where the liability is joint and several or closely interrelated and a defending party establishes that plaintiff has no cause of action or present right of recovery, this defense generally inures also to the benefit of the defaulting defendant..." *Id.* at *6, citing *United States ex rel. Hudson v. Peerless, Ins. Co.,* 374 F.2d 942, 944-45 (4th Cir. 1967) (internal citations and quotations omitted). The *Frow* doctrine was adopted by the then-Maryland Court of Appeals in *Curry v. Hillcrest Clinic, Inc.,* 337 Md. 412 (1995), which followed the Fourth Circuit decision in *Peerless* in holding that any findings in favor of the non-defaulting co-defendants automatically inure to the benefit of the defaulting party. Since the breach of contract claim has not been adjudicated to judgment against all of the other Counterclaim Defendants and if the other Counterclaim Defendants prevail that benefit will inure to Future Field, Respondent maintains that entry of default judgment against Future Field is premature at this time.

9.    In evaluating any liability by Future Field under Count II, Respondent asks the Court to consider that Maryland has long recognized that an implied duty of good faith and fair dealing exists in every contract that permits each party to receive the full benefit of the agreement. *Food Fair Stores, Inc. v. Blumberg*, 234 Md. 521, 534 (1964). The Commercial Code of Maryland expressly states that the covenant shall be implied in an operating agreement, with very limited exceptions inapplicable here. Md. Code Ann., Com. Law, §23-105(a).

Accordingly, Respondent asks the Court to consider, in defense of the breach of contract claim VanNorstrand asserts against Future Field, that Van Norstrand violated his duty of good faith and fair dealing towards the company, implicit in the Operating Agreement, resulting in its inability to continue in business in 2022. This conclusion may be inferred from the Court's following findings:

> "After Counterclaim Defendants removed Mr. Van Nordstrand, he locked them out of the futurefieldsolutions.com domain name, and they locked him out of the Google account associated with that domain name ('Google Workspace Account')... [A]fter Mr. Van Norstrand locked Counterclaim Defendants out of the futurefieldsolutions.com domain, Counterclaim Defendants were unable to assure the control over the futurefieldsolutions.com domain necessary to operate as a government contractor performing cybersecurity work....Future Field reported to the relevant government agencies that it had lost control over its web domain....; it could not pursue new contracts as a result.... Future Field then released its employees.

*See* ECF No. 277, Memorandum Opinion at pp. 4-6 (internal citations omitted).

### Counts III and IV- Breach of Loyalty and Breach of Fiduciary Duty

10.    In Count III, Van Norstrand specifically alleges at paragraph 181 of the Counterclaim that *the individual Counterclaim Defendants* owed a duty to the company and Van Norstrand, and proceeds at paragraphs 182-185 to enumerate those duties. Nowhere in Count II does Van Norstrand allege any breach of loyalty *by* Future Field. Van Norstrand only includes Future Field in the "Wherefore" clause. Future Field should not be considered a party to Count III as claims have not been properly asserted against it. *See* ECF No. 277, Memorandum Opinion at p.60 and cases cited therein.

11.    Similarly, in Count IV of the Counterclaim, Van Norstrand specifically alleges at paragraphs 187, 188, and 192 that *the individual Counterclaim Defendants* owe a fiduciary duty to the company and Van Norstrand, and proceeds at paragraphs 189-191 to enumerate those duties. Nowhere in Count III does Van Norstrand allege any breach of fiduciary duty *by* Future

Field. Van Norstrand only includes Future Field in the "Wherefore" clause. Future Field should not be considered a party to Count IV as claims have not been properly asserted against it. *Id*.

### Count V- Violation of Maryland Wage Payment and Collection Law ("MWPCL")

12.     Van Norstrand seeks allegedly unpaid compensation plus pre-judgment and post-judgment interest, fees, and costs as damages under this count. Respondent notes that Van Norstrand mitigated by immediately obtaining post-termination employment which paid him compensation that exceeded the compensation he had been receiving from Future Field as Van Norstrand admitted in the colloquy between individual Counterclaim Defendants' counsel and Van Norstrand at his May 20, 2025 deposition:

> Q: And when you left FSS, you earned
>     $250,000, correct?
> A: I received a small pay raise when I left,
>     yes.
> Q: Well, you received -- you collected more
>     than 50,000 -- you collected $50,000 more than
>     your draw from FSS, correct?
> A: That's correct.

5/22/2026 Deposition of Eric Van Norstrand at 430:8-15.

Therefore, Van Norstrand cannot establish that he suffered any damages under this Count.

13.     Furthermore, the base damages sought here are duplicative (except for statutory trebling that may be imposed if unpaid compensation is awarded) to the damages sought under Count II. And so to the extent that the individual Counterclaim Defendants prevail in their defense of Count II, no duplicative recovery should be awarded under Count V against Future Field.

6

### Count VI- Accounting

14.     The Court in its Memorandum Opinion noted that, under Maryland law, accounting is a remedy, not an independent cause of action. ECF No.277 at p. 40. Even as a remedy, it has become disfavored and rendered obsolete by the modern rules of discovery. *Id*. at 40-41. Discovery is closed. Van Norstrand has had his opportunity to receive discovery from Future Field or to object to its cancellation and failed to do so. Van Norstrand received tax information in connection with his 2024 returns and will receive required tax information in connection with the 2025 returns as noted above. Furthermore, an accounting remedy against Future Field would be futile as there are no resources to perform one.

### Count VII- Wrongful Termination

15.     Respondent notes that the Court in its Memorandum Opinion set out the fatal deficiencies in this Count, under Maryland law. ECF No. 277 at p.65. Respondent believes that the Court's analysis applies with equal force to Future Field as Van Norstrand cannot establish a required element of willful termination against it, *i.e.* that the basis of his discharge violated some clear mandate of public policy. *Id. (*citing *Symeonidis v. Paxton Capital Grp., Inc.,* 220 F. Supp. 2d 478, 483 (D. Md. 2002)). The Court rejected the possible public policy argument that Van Norstrand was terminated in retaliation for hiring counsel, an argument that the then-Maryland Court of Appeals soundly rejected in *Porterfield v. Mascari II, Inc.,* 374 Md. 402, 434 (2003). Thus, Van Norstrand's claim for willful termination against Future Field should fail for the same reasons.

### Count VIII- Indemnification

16.     Respondent notes that the Operating Agreement §59 expressly strips a member of entitlement to indemnification "for liability arising out of gross negligence or willful misconduct

of the Member or the breach by the Member of any provisions of this Agreement." ECF No. 45-2, p.12.   Thus, as pointed out by the then-Maryland Court of Appeals in *Kramer v. Liberty Prop. Trust*, 408 Md. 1 (2009), any indemnification award is premature until the merits of the underlying controversy, specifically all open counts of the Counterclaim, have been resolved and the Court can then determine whether there has been gross negligence, willful misconduct or breach of any provision of the Operating Agreement by the purported indemnitee barring recovery.

**WHEREFORE**, Respondent maintains it has fully responded to the OSC and for the reasons stated will not be defending any remaining counts against it in the Counterclaim.

Respectfully submitted,

**Offit Kurman, P.A.**

*/s/ Joyce A. Kuhns*
Joyce A. Kuhns, Bar No. 03979
1954 Greenspring Drive, Suite 605
Timonium, MD 21093
Telephone: (410) 209-6400
Facsimile: (410) 209-6435
Email: jkuhns@offitkurman.com

*Attorneys for James C. Brent, Sr.,*
*Wind-Up Member of Future Fields*
*Solutions, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing Response to Order Directing Future Field Solutions, LLC to Show Cause Why Default Should Not be Entered Against it on Remaining Counts Under Second Amended Counterclaim was electronically filed on February 13, 2026. Notice of this filing will be sent to all registered parties by operation of the Court's ECF filing system.

*/s/ Joyce A. Kuhns*
Joyce A. Kuhns
