IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| FUTURE FIELD SOLUTIONS, LLC, *et al.*,<br><br>*Plaintiffs / Counterclaim-Defendants*,<br><br>v.<br><br>ERIK VAN NORSTRAND,<br><br>*Defendant / Counterclaim-Plaintiff*,<br><br>v.<br><br>PERIARCHON, LLC,<br><br>*Third-Party Defendant*. | Case No. 1:23-cv-01301 (DKC) |

**DEFENDANT'S REPLY TO PLAINTIFF, FUTURE FIELD SOLUTION, LLC'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE**

Defendant/Counter-Plaintiff, Erik Van Norstrand (hereinafter "Van Norstrand"), by Hartman, Attorneys at Law, and C. Edward Hartman, III, his attorney, hereby files this Reply to Plaintiffs' Response to the Court's Order to Show Cause ("Response") (ECF No. 280), and in support thereof states:

**Background**

On February 26, 2025, counsel for Future Field Solutions, LLC ("FFS") moved to withdraw their appearance from this case. (ECF No. 212). Subsequently, on February 28, 2025, this Court provided FFS thirty (30) days to secure new counsel, which FFS failed to do. (ECF No. 213).The Court, on a renewed issue to withdraw, granted FFS' counsel's motion to withdraw on May 30, 2025 (ECF No. 227), but warned that an order to show cause may be issued against FFS if it failed to retain new counsel. (ECF No. 231).

1

On or about January 23, 2026, this Court issued its Memorandum Opinion ("Opinion") and Order (ECF Nos. 277 & 278) entering decisions on various pending motions filed by all parties to this matter. In its Opinion and Order, the Court noted that eight months after its May 30, 2025 order, FFS failed to retain new counsel. The Court, citing Local Rule 101.2 and Fed. R. Civ. Pro. 55, noted that the "[f]ailure of an LLC to proceed through counsel on claims against it gives rise to the presumption that the LLC has failed to defend under Rule 55." (ECF No. 277 at 117). As such, the Court ordered FFS to show cause why default should not be entered on the claims that Van Norstrand has asserted against it for breach of contract (Count II), breach of duty of loyalty (Count III), breach of fiduciary duty (Count IV), violation of the Maryland Wage and Payment Collection Law (Count V), accounting (Count VI), wrongful termination (Count VII), and indemnification (Count VIII). (ECF No. 277 at 123).

On or about February 13, 2026, James Brent ("Brent"), Plaintiff/Counterclaim-Defendant, filed a response to the Court's order to show cause. (EFC No. 280).

## Argument

The Response fails to adequately address the concerns identified in the Court's Order to Show Cause. Rather than providing evidentiary support or legal justification, the Response offers conclusory statements that do not cure the underlying deficiencies. In essence, the Response improperly presents as a motion for summary judgment instead of a response to an order to show cause. Accordingly, the relief requested in the Order to Show Cause remains appropriate.

### I.   The Response fails to cure the identified deficiency.

The Court's Order to Show Cause directed FFS to explain why it failed to comply with the Court's order to retain new counsel. Local Rule 101.1 is clear that "[a]ll parties other than individuals must be represented by counsel." Local Rule 101.2 further states that "[i]n the event

that within thirty (30) days of the filing of the motion to withdraw, new counsel has not entered an appearance, the Court may take such action, if any, that it deems appropriate, including granting the motion to withdraw and dismissing any affirmative claim for relief asserted by the party and/or directing the party to show cause why a default should not be entered on claims asserted against it." Accordingly, the Court's Order to Show Cause directed FFS to explain why it failed to comply with the Court's order to retain new counsel.

FFS' Response raises an argument that "the rights of a forfeited company versus the rights of a cancelled company to differ may differ." FFS argues that its is "aware of no Maryland case law that squarely addresses a cancelled LLC's ability to defend claims nor is this discrepancy resolved in the statute." FFS' position effectively disregards controlling law.

Maryland is clear that "**[n]otwithstanding the filing of articles of cancellation, the limited liability company continues to exist for the purpose** of paying, satisfying, and discharging **any existing** debts or **obligations**, collecting and distributing its assets, and **doing all other acts required to liquidate and wind up its business and affairs**." Md. Code Ann., Corps. & Ass'ns § 4A-908 (emphasis added). A cancelled LLC exists to continue winding up business affairs, which include defending suits.

Furthermore, "[t]he forfeiture of the right to do business in Maryland and the right to the use of the name of the limited liability company under this title does not impair the validity of a contract or act of the limited liability company entered into or done either before or after the forfeiture, or prevent the limited liability company from defending any action, suit, or proceeding in a court of this State." Md. Code Ann., Corps. & Ass'ns § 4A-920 (emphasis added). FFS attempts to argue that forfeiture and cancellation are different and as such § 4A-9220 should not

3

apply; however, the statute does not say "forfeiture of the LLC" it states "forfeiture of the right" which in essence includes forfeitures, dissolutions, cancellations, etc.

Lastly, FFS cannot pretend to deflect its responsibility to defend this matter because it was dissolved **during** the pendency of this case. Cancellation does not bar liabilities for pre-cancellation lawsuits or actions.

In short, FFS has failed to cure its deficiency. FFS cannot decide on its own that it no longer wants to be a party to this action.

**II.**      **FFS improperly treats its Response as a motion for summary judgment to discuss the remaining counts, rather than addressing the substantive merits of why an order to show cause for entry of default should not be granted.**

FFS next goes on to argue the remaining counts in the case, purporting its Response to be a motion for summary judgment. It should be noted that FFS had the same opportunity as the remaining parties to file a motion for summary judgment and elected not to do so. It is improper for FFS to attempt to argue its case in a response to a show cause order. "[A] 'show cause order', then, is a command by a court, directing a party to explain or justify, on or before the date indicated in the order, why the action described in the order should or should not occur." *Prince George's Cty. v. Vieira*, 340 Md. 651, 661, 667 A.2d 898, 903 (1995).

## Conclusion

FFS has failed to justify why default should not be entered against it. FFS has gone through this case as though it can voluntary remove itself as a party. The Court rightfully dismissed all claims issued by FFS against Van Norstrand. The Court is also right in asserting that FFS must continue to defend this matter post-cancellation.

FFS has failed to justify why it has ignored this Court's orders and has failed to show cause as to why default should not be entered against it. As such, this Court must issue the entry of default against FFS.

### Requested Relief

For the foregoing reasons, Van Norstrand respectfully requests that this Honorable Court:

A. Issue an Entry of Default against FFS;

B. Grant such other and further relief as the nature of this may require.

Respectfully submitted,

HARTMAN, Attorneys at Law

Date: February 19, 2026          By:    /s/ *C. Edward Hartman, III*
                                        C. Edward Hartman, III, Bar No. 07716
                                        116 Defense Highway, Suite 300
                                        Annapolis, Maryland 21401
                                        Telephone:    (410) 266-3232
                                        Facsimile:    (410) 266-5561
                                        Email:        Ed@Hartman.law
                                        *Attorneys for Erik Van Norstrand*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of February, 2026, the foregoing was served via the Court's Electronic System on all counsel of record.

/s/ C. Edward Hartman, III
C. Edward Hartman, III, Bar No. 07716

5